

February 6, 2026

**VIA ECF**

Honorable Madeline Cox Arleo, U.S.D.J.
Honorable Brian R. Martinotti, U.S.M.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

      Re:    *Burge, et al. v. Cognizant Technology Solutions Corporation, et al.*, No. 2:25-cv-18908, and Related Actions[1]

Dear Judges Arleo and Martinotti:

      We are counsel for Plaintiffs in the *Burge* action, which is the first of the Related Actions filed in the District of New Jersey and pending before Your Honors. After our discussions with counsel in the other 6 subsequently filed Related Actions pending before Your Honors, we are writing on behalf of Plaintiffs in each of the cases pending in the District of New Jersey to request consolidation of these actions under Federal Rule of Civil Procedure 42.

      This is a case arising from a cybersecurity incident allegedly involving sensitive, personal information belonging to millions of individuals across the nation. Defendant Cognizant Technology Solutions Corporation ("Cognizant") and its wholly owned subsidiary and co-Defendant TriZetto Provider Solutions LLC ("TriZetto") allegedly provide software solutions to medical service providers throughout the United States. In November 2024, TriZetto allegedly experienced a cybersecurity incident, which was allegedly not discovered until almost a year later in October 2025. This incident allegedly involved data associated with Cognizant's and TriZetto's clients' patients. Some of Cognizant's and TriZetto's alleged clients are named as co-defendants in some of the Related Actions. It is anticipated that additional alleged clients of Cognizant and TriZetto may be added as additional defendants. However, all seven of the actions pending in the District of New Jersey name at least Cognizant or TriZetto, or both, as Defendants.

---

[1] *Lytle, et al. v. TriZetto Provider Solutions, LLC, et al.*, No. 2:25-CV-18938, filed December 23, 2025; *Noble v. TriZetto Provider Solutions, LLC, et al.*, No. 2:25-CV-18967, filed December 23, 2025; *Trimble, et al. v. Cognizant Technology Solutions Corporation et al*, No. 2:25-CV-18969, filed December 23, 2025; *Scorpio v. Cognizant Technology Solutions Corporation, et al.*, No. 2:25-CV-19027, filed December 29, 2025; *Caldwell v. Cognizant Technology Solutions Corporation, et al.*, No. 2:25-CV-19056, filed December 30, 2025; and *Schuster v. Cognizant Technology Solutions Corporation, et al.*, No. 2:26-CV-00395, filed January 13, 2026 (collectively "Related Actions"). *Schuster* is pending before Judge Martinotti, while the first-filed *Burge* action and the other five Related Actions are all pending before Judge Arleo.

Counsel for Plaintiffs have conferred with counsel for Cognizant and TriZetto[2] concerning the relief requested herein. Counsel for Cognizant and TriZetto advised that Cognizant and TriZetto do not oppose consolidation of the seven cases currently pending in the District of New Jersey into the *Burge* action, but expressly reserve their rights (i) to seek transfer of any to-be-consolidated action in the District of New Jersey at a future date to a more appropriate venue, namely, the Eastern District of Missouri, where jurisdiction and venue exist, and where the first-filed action relating to this data security incident (*Longo v. TriZetto Provider Solutions*, Cause No. 4:25-cv-01845 (E.D. Mo., Dec. 17, 2025) ("*Longo*")) is pending; and (ii) to seek consolidation of all related cases arising from the cybersecurity incident into the *Longo* action; and (iii) to seek dismissal of Plaintiffs' claims in the Related Actions pursuant to Rule 12(b), including but not limited to, Rules 12(b)(1), (2) and (6).

By way of background, all Plaintiffs assert claims on behalf of themselves and putative classes of individuals whose personally identifiable information ("PII") and protected health information ("PHI") (collectively, "Private Information") was allegedly disclosed during the cybersecurity incident. The issue of consolidation is not controversial. Following the public announcement of the data incident, numerous related putative class actions were filed in federal courts. Currently there are seven related putative class actions pending in the District of New Jersey, five related putative class actions pending in the Eastern District of Missouri, one putative class action pending in the Northern District of California, and one putative class action pending in the Eastern District of California.[3]

Counsel for Plaintiffs in the Related Actions have been in contact with counsel who filed related actions outside of the District of New Jersey, many of whom have advised Plaintiffs' Counsel here that they intend to or are in the process of voluntarily dismissing the actions and will be re-filing in the District of New Jersey.

Consolidation of the Related Actions and any subsequently filed action arising out of the data incident is appropriate. Put simply, where cases pending in the same district involve common questions of law or fact and assert overlapping claims on behalf of overlapping classes, consolidation is appropriate pursuant to Fed. R. Civ. P. 42(a). Here, all the cases concern the same alleged data incident, involve some of the same entities, and are brought on behalf of overlapping putative classes. As such, the Related Actions should be consolidated into the earliest filed case pending in this Court, *Burge, et al. v. Cognizant Technology Solutions Corporation, et al.*, No. 2:25-cv-18908. Because Plaintiffs' Counsel believe that additional related actions will continue to be filed in this District, counsel for Plaintiffs request that the Court also order that any subsequently filed action in the District of New Jersey arising out of the data breach be consolidated into the first-filed action.

Additionally, because more actions may be filed in this District, the Parties request that the Court set a deadline of 30 days from the entry of the proposed consolidation order for the Parties to submit a status report concerning the status of the filing of additional related actions, and any related actions pending outside of this District, and setting a proposed case schedule.

---

[2] Both Cognizant and TriZetto are represented by Jason Fagelman, Joseph Simmons, and Sean Topping of Norton Rose Fulbright US LLP.

[3] One action was initially filed in the Eastern District of Missouri but was subsequently voluntarily dismissed and re-filed in this District.

Cafferty Clobes Meriwether&Sprengel LLP

     The proposed schedule should include a deadline for initial procedural steps, including a deadline for filing applications for the appointment of interim lead counsel under Rule 23(g). Plaintiffs' Counsel are all experienced data breach litigators and are collectively discussing how best to organize consistent with the private ordering approach favored by the Manual for Complex Litigation (Fourth). *See id.* § 21.272 ("There are several methods for selecting among competing applicants. By far the most common is the so-called 'private ordering' approach: The lawyers agree who should be lead class counsel and the court approves the selection after a review to ensure that the counsel selected is adequate to represent the class interests."); *see also* Third Circuit Task Force on Selection of Class Counsel, 208 F.R.D. 340, 416-17 (3d Cir. 2002) ("Case law and experience indicates that the dominant scenario for appointing class counsel is deference to private ordering."). The objective is to develop a plan that will properly serve the interests of the putative classes in an efficient manner. Plaintiffs' Counsel are hopeful they will be able to strike the appropriate organizational balance necessary to litigate this large multi-party litigation and reach agreement on a consensus proposal.

     Plaintiffs suggest that the status report also include proposed initial procedural deadlines, such as deadlines for 1) the filing of applications to appoint leadership pursuant to Federal Rule of Civil Procedure 23(g), 2) any other motions, including motions to transfer venue, 3) the filing of a consolidated complaint, 4) defendants' response to the forthcoming consolidated complaint, and 5) deadlines for the briefing concerning any motion to dismiss the consolidated complaint. Should the Court desire an update beyond the written status report, the Parties propose that the Court schedule a Status Hearing concerning the status of related actions and the proposed schedule approximately two (2) weeks following the submission of the status report.

     Should Your Honors have any questions regarding the requested consolidation or any other issue, we are, as always, available at your convenience.

     Respectfully submitted,

/s/ Bryan L. Clobes
Bryan L. Clobes
Nickolas J. Hagman*
Alex Lee*
**CAFFERTY CLOBES**
**MERIWETHER & SPRENGEL LLP**
135 S. LaSalle, Suite 3210
Chicago, Illinois 60603
Telephone: (312) 782-4880
Facsimile: (312) 782-4485
bclobes@caffertyclobes.com
nhagman@caffertyclobes.com
alee@caffertyclobes.com

* *pro hac vice* forthcoming

cc:    all counsel of record