# NORTON ROSE FULBRIGHT

April 8, 2026

**Via ECF**

Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, New York 10019-6022
United States of America

The Honorable André M. Espinosa
United States Magistrate Judge
District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street Room 4015
Newark, NJ 07101

Direct line +1 212 318 3361
sean.topping@nortonrosefulbright.com

Tel +1 212 318 3000
Fax +1 212 318 3400

Re:   *In re: Cognizant/TriZetto Data Security Incident,* **No. 2:25-cv-18908-MCA-AME**
      **Letter Requesting Leave to File Motion to Transfer**

Dear Judge Espinosa:

Per this Court's Civil Case Management Order, Defendants TriZetto Provider Solutions, LLC ("**TPS**") and Cognizant Technology Solutions Corporation ("**Cognizant**") hereby request leave to file a motion to transfer this action to the Eastern District of Missouri, Eastern Division (the "**E.D. of Missouri**"), under 28 U.S.C. § 1404(a).

This letter sets forth the non-exclusive grounds for the proposed motion.[1] Transfer is warranted under the well-established "first-filed rule" because this consolidated action (consisting of later-filed cases) is substantially similar to the first-filed *Niessing v. TPS* action pending in the E.D. of Missouri. Further, TPS (the primary defendant in these related cases) has its principal place of business in the E.D. of Missouri, whereas the only connection to this District is that it is the location of TPS's far-removed apex parent Cognizant, which has been improperly named in some of the actions consolidated here. Plaintiffs may respond that this Court should defer because Plaintiffs have filed a motion with the Judicial Panel on Multidistrict Litigation ("**JPML**") seeking centralization under 28 U.S.C. § 1407. But the JPML expressly prefers § 1404 transfer over § 1407 centralization whenever possible, given the heightened administrative burden imposed by the latter. Section 1404 transfer is not only feasible here, but is the best and most efficient mechanism for adjudicating the related actions.

## Background

### TPS, Cognizant, and the Incident

TPS is a healthcare technology company incorporated in Delaware, with its principal place of business in Earth City, Missouri. Compl. ¶ 11. The complaints in the later-filed actions

---

[1] The proposed motion will not waive, and will expressly reserve, TriZetto's right to seek dismissal under Rule 12(b)(2) for lack of personal jurisdiction, an issue the Court need not decide in order to decide a § 1404 motion for venue transfer. *See Lafferty v. St. Riel,* 495 F.3d 72, 80 (3d Cir. 2007).

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright LLP, Norton Rose Fulbright Canada LLP, and Norton Rose Fulbright US LLP are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com/legal-notices.

302805818.3

The Honorable Andre M. Espinosa
April 8, 2026
Page 2

^NORTON ROSE FULBRIGHT

consolidated here (the "**New Jersey Actions**") generally allege that, on or about October 2, 2025, TPS identified suspicious activity in a web portal used to access TPS's services, resulting in the compromise of sensitive patient information (the "**Incident**"). Each of the New Jersey Actions asserts various claims relating to the Incident, with negligence being the only cause of action common across all complaints, and seeks to certify a nationwide class.

Many of the New Jersey Actions also name TPS's far-removed, apex parent Cognizant, a publicly-traded Delaware corporation headquartered in New Jersey—the only purported basis for venue in this District. But Cognizant is merely a holding company, and TPS is a separately incorporated entity with its own officers, books and records, financial accounting, and contractual relationships, and no plaintiff has alleged any factual basis for disregarding the corporate separateness of TPS and Cognizant. TPS itself has no significant connection to New Jersey: neither its principal place of business, its IT infrastructure, nor those persons knowledgeable about that infrastructure are located here.

Three of the New Jersey Actions also name specific healthcare organizations as defendants, none of which is alleged to be at home in New Jersey.  Further, none of the named plaintiffs in the New Jersey Actions is a resident of New Jersey.

Put simply, there is no reasonable basis for the New Jersey Actions to proceed in New Jersey.

**The Related Actions**

The first-filed pending action related to the Incident, *Niessing v. TriZetto Provider Solutions, et al.*, No. 4:25-cv-01861, was filed in the E.D. of Missouri on December 19, 2025. Later-filed actions in the E.D. of Missouri have been consolidated into that first-filed action under the caption *In re TriZetto Provider Solutions Data Breach Security Litigation* (the "**Missouri Actions**"). Like the New Jersey Actions, the Missouri Actions allege that plaintiffs' personal information was compromised in the Incident, assert various common law claims including negligence, and seek to certify a nationwide class.

Two additional later-filed actions are pending in California (the "**California Actions**"), and TPS has filed or will soon file Section 1404 motions to transfer those actions to the E.D. of Missouri as well.

**Plaintiffs' Motion to the Judicial Panel on Multidistrict Litigation**

On February 2, 2026, counsel for TPS and Cognizant met and conferred with Plaintiffs' counsel and made clear their position that all related actions should be transferred to the E.D. of Missouri for consolidation. On February 6, 2026, counsel for Plaintiffs submitted a letter to this Court requesting consolidation of the related actions pending in the District of New Jersey. *See* ECF 6. The letter stated that TPS and Cognizant did not oppose consolidation, but expressly "reserve[d] their rights" to "seek transfer of any to-be-consolidated action in the District of New Jersey at a future date to a more appropriate venue, namely, the Eastern District of Missouri, where jurisdiction and venue exist, and where the first-filed action . . . is pending." *Id.* at 2.

On March 10, 2026, this Court entered an order consolidating the related actions pending in this District into this consolidated action. *See* ECF 8. On March 12, 2026, counsel for TPS and

302805818.3

The Honorable Andre M. Espinosa
April 8, 2026
Page 3

NORTON ROSE FULBRIGHT

Cognizant contacted counsel for Plaintiffs, reiterated their position that this consolidated action should be transferred to the E.D. of Missouri for consolidation with the first-filed *Niessing* action, and asked Plaintiffs to state their position on transfer and consolidation. Rather than respond, on March 17, 2026, Plaintiffs instead filed a motion with the JPML seeking transfer of related actions to this District for centralization here under § 1407. ECF 12 (the "**MDL Motion**"). The MDL Motion remains pending, and will not be decided until, at the earliest, May 28.

## Argument

### The First-Filed Rule Applies

The well-established first-filed rule applies when actions pending in different federal courts concern the same issues, share the same parties, and one was initiated before the other. *Muhammad v. State Farm Indem. Co.*, 719 F. Supp. 3d 397, 411 (D.N.J. 2024). All three requirements are met here. First, the New Jersey Actions and the *Niessing* action indisputably concern the same issues—Plaintiffs themselves argued to the JPML that all of these actions "arise[] from Defendants' security practices involving Defendants' software, and the same data breach incident." ECF 12 at 10-11. Second, these actions share the same putative nationwide plaintiff class and the same primary defendant, TPS—the only party named in all of the New Jersey Actions. That some actions also name apex parent Cognizant or other defendants is irrelevant, as the first-filed rule requires only "substantial overlap" of parties. *FTC v. Neora, LLC*, 2020 WL 4282753, at *4 (D.N.J. July 27, 2020). Third, the *Niessing* action was filed on December 19, 2025, before the earliest New Jersey action (December 23, 2025).

There is no equitable basis for declining to apply the first-filed rule. It is "the rare case in which the first-filed rule fits the bill as a formal matter but then must give way on equitable grounds." *Muhammad*, 719 F. Supp. 3d at 411 (equitable grounds include procedural gamesmanship by party asking court to apply first-filed rule). Here, the equities weigh entirely in favor of applying the first-filed rule, and none weigh against it. Indeed, rather than articulate any legal basis for opposing transfer to the E.D. of Missouri, Plaintiffs instead filed numerous duplicative actions here in an attempt to create the impression that a critical mass of cases exist in this District, and preemptively filed their MDL Motion seeking centralization in this District. The Court should not reward such gamesmanship.

### The Relevant Factors Weigh Strongly in Favor of Venue Transfer

Even apart from the first-filed rule, transfer to the E.D. of Missouri is warranted under 28 U.S.C. § 1404(a), which permits transfer "[f]or the convenience of parties and witnesses, in the interest of justice" to "any other district or division where it might have been brought." In deciding a venue transfer motion, the Court determines whether venue exists in the transferee district, then weighs various private and public factors. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Here, venue is proper in the E.D. of Missouri because TPS—the primary defendant—has its principal place of business in Earth City, Missouri, almost half of its employees are in Missouri, and all relevant factors weigh in favor of (or are neutral to) transfer to the E.D. of Missouri.

Private factors favor transfer to the E.D. of Missouri. This District is inconvenient for most defendants, given that none except Cognizant (a holding company and far-removed apex parent)

302805818.3

The Honorable Andre M. Espinosa
April 8, 2026
Page 4

NORTON ROSE FULBRIGHT

are located here, and no named plaintiff resides here either. The claims arise from the alleged compromise of data on TPS's systems, and courts treat such claims as arising at the location of the defendant whose systems were allegedly compromised. *See In re Mednax Services, Inc., Customer Data Sec. Breach Litig.*, 603 F. Supp. 3d 1183, 1199 (S.D. Fla. 2022). TPS's principal place of business is in the E.D. of Missouri, and none of its IT infrastructure or knowledgeable personnel are located in New Jersey. The primary New Jersey tie is that Plaintiffs filed suit here, but in putative class actions, "the plaintiff's choice of forum is generally given less weight." *Geraci v. Red Robin Int'l, Inc.*, 2019 WL 2574976, at *4 n.5 (D.N.J. June 24, 2019).

Public factors likewise favor transfer of this consolidated action to the E.D. of Missouri. Consolidation with the first-filed *Niessing* action in the E.D. of Missouri (which itself is the lead case in a consolidated action pending in the E.D. of Missouri, *In re TriZetto Provider Solutions Data Breach Security Litigation*, No. 4:25-cv-1861) would eliminate the serious inefficiencies of parallel litigation. The E.D. of Missouri also has a materially faster docket: its average time to trial is 35.3 months compared to 56.9 months in this District, and only 3.7% of its civil cases are over three years old compared to 56.5% here.[2] Finally, there is at least a reasonable probability that a Missouri-based judge would be more experienced with the applicable law, since courts often apply the law of the defendant's principal place of business—here, Missouri—to claims arising from data stored in the cloud. *See Mednax*, 603 F. Supp. 3d at 1199. In sum, almost all relevant factors point toward the E.D. of Missouri or are neutral.

## Plaintiffs' Pending MDL Motion Should Not Affect This Court's Decision on Transfer

Plaintiffs' pending MDL Motion should not affect this Court's decision on transfer of this consolidated action to the E.D. of Missouri. The JPML has repeatedly emphasized that § 1407 centralization "***should be the last solution after considered review of all other options***," and routinely "denie[s] centralization where there is a reasonable prospect that the resolution of Section 1404 motions could eliminate the multidistrict character of the actions." *In re Gerber Probiotic Prods. Mktg. & Sales Practices Litig.*, 899 F. Supp. 2d 1378, 1379 (J.P.M.L. 2012) (emphasis added). The JPML has applied this principle to deny centralization in analogous data breach cases. *E.g.*, *In re Hudson's Bay Co. Customer Data Sec. Breach Litig.*, 326 F. Supp. 3d 1372 (J.P.M.L. 2018); *In re Nelnet Servicing, LLC, Customer Data Sec. Breach Litig.*, 648 F. Supp. 3d 1377 (J.P.M.L. 2022). The pending MDL Motion thus should not operate to bar TPS and Cognizant from filing a transfer motion here for the Court's consideration.

---

[2] See Fed. Ct. Mgmt. Stats., U.S. District Court — Judicial Caseload Profile (Dec. 31, 2025), <https://www.uscourts.gov/sites/default/files/document/fcms_na_distprofile1231.2025.pdf>.

302805818.3

The Honorable Andre M. Espinosa
April 8, 2026
Page 5

NORTON ROSE FULBRIGHT

**Conclusion**

For these reasons, TPS and Cognizant respectfully request that the Court grant them leave to file a motion to transfer this consolidated action to the E.D. of Missouri for consolidation with the first-filed case pending there.

Respectfully submitted,

Dated: April 8, 2026                          NORTON ROSE FULBRIGHT US LLP


By: */s/ Sean Topping*
_____
        Sean Topping, Bar No. 235462017
        sean.topping@nortonrosefulbright.com

1301 Avenue of the Americas
New York, New York  10019-6022
Telephone:    (212) 318-3000
Facsimile:    (212) 318-3400

*Attorney for Defendants TriZetto Provider Solutions LLC and Cognizant Technology Solutions Corporation*

302805818.3