**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re COGNIZANT/TRIZETTO DATA SECURITY INCIDENT,<br><br>This Document Relates To:<br><br>*Sawyer v. TriZetto Provider Solutions, LLC and Cognizant Technology Solutions Corporation*, No. 26-cv-2698-MCA-AME | **Civil Action No. 25-18908-MCA-AME**<br><br>**ORDER FOR ADMISSION PRO HAC VICE of LAURENCE D. KING, MATTHEW B. GEORGE, BLAIR E. REED, and SOPHIA V. PINTAR** |

This matter having come before the Court on the unopposed motion by Joel B. Strauss, Esq., of the law firm Kaplan Fox & Kilsheimer LLP, attorneys for plaintiff Joseph Sawyer ("Sawyer") for the pro hac vice admission of Laurence D. King, Esq., Matthew B. George, Esq., Blair E. Reed, Esq., and Sophia V. Pintar, Esq., pursuant to L. Civ. R. 101.1 [D.E. 11]; and the Court having considered the submissions in support of the motion, which reflect that these attorneys each satisfy the requirements set forth in Rule 101.1(c) of the Local Rules of the United States District Court for the District of New Jersey; and for good cause shown,

**IT IS** on this 13th day of April 2026,

**ORDERED** that the motion for the pro hac vice admission of Laurence D. King, Esq., Matthew B. George, Esq., Blair E. Reed, Esq., and Sophia V. Pintar, Esq. [D.E. 11] is **GRANTED**; and it is further

**ORDERED** that Laurence D. King, a member in good standing of the Bars of the States of New York and California, be permitted to appear pro hac vice in the above-captioned matter pursuant to Local Civil Rule 101.1(c); and it is further

**ORDERED** that Matthew B. George, a member in good standing of the Bar of the State of California, be permitted to appear pro hac vice in the above-captioned matter pursuant to Local Civil Rule 101.1(c); and it is further

**ORDERED** that Blair E. Reed, a member in good standing of the Bar of the State of California, be permitted to appear pro hac vice in the above-captioned matter pursuant to Local Civil Rule 101.1(c); and it is further

**ORDERED** that Sophia V. Pintar, a member in good standing of the Bar of the State of California, be permitted to appear pro hac vice in the above-captioned matter pursuant to Local Civil Rule 101.1(c); and it is further

**ORDERED** that, in connection with this admission pro hac vice, the foregoing attorneys shall each comply with the following:

1. Abide by Local Civil Rule 101.1(c) and all rules of this Court, including all disciplinary rules;

2. Notify the Court immediately of any matter affecting their standing at the bar of any court;

3. Be deemed to consent to the appointment of the Clerk of the Court as the agent upon whom service of process may be made for all actions that may arise from their participation in this matter;

4. Make all required payments to the New Jersey Lawyers' Fund for Client Protection (the "Fund") in accordance with Local Civil Rule 101.1(c)(2) and New Jersey Court Rule 1:28-2(a), and continue to make payment, or cause payment to be made, for each calendar year in which they continue to represent Sawyer before this Court. Moreover, in accordance with New Jersey Court Rule 1:21-2, pro hac vice counsel

shall provide a copy of this order to the Fund with counsel's submission of all such payments; and

5. Pay $250.00 to the Clerk of the United States District Court for the District of New Jersey for admission pro hac vice in accordance with L. Civ. R. 101.1(c)(3), if they have not already done so in connection with this action; and it is further

**ORDERED** that movant Joel B. Strauss, or another attorney associated with the law firm Kaplan Fox & Kilsheimer who is admitted to practice law in this District, shall (a) be attorney of record in this case in accordance with L. Civ. R. 101.1(c); (b) be served all papers in this action and such service shall be deemed sufficient service upon pro hac vice counsel (c) sign all pleadings, briefs, and other papers submitted to this Court; (d) appear at all proceedings unless expressly excused by the Court; and (e) be responsible for the conduct of pro hac vice counsel in this matter; and it is further

**ORDERED** that pro hac vice counsel may file a request with the Clerk of Court, using the form made available on the District Court's website, for pro hac vice counsel to receive electronic notifications in this matter; and it is further

**ORDERED** a copy of this Order shall be served on all parties within seven (7) days of the date hereof.

/s/ *André M. Espinosa*
ANDRÉ M. ESPINOSA
United States Magistrate Judge