

April 20, 2026

**VIA ECF**

Honorable André M. Espinosa, U.S.M.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

> Re:    *In re: Cognizant/TriZetto Data Security Incident*, No. 2:25-cv-18908-MCA-AME
> <u>Response to Cognizant's & TriZetto's Letter Requesting Leave to File Motion</u>

Dear Judge Espinosa:

The undersigned are counsel for Plaintiffs[1] in the above-referenced consolidated action. We write in response to the April 8, 2026 pre-motion letter filed by Defendants Cognizant Technology Solutions Corporation ("Cognizant") and TriZetto Provider Solutions, LLC ("TPS") (collectively, "Defendants") requesting leave to file a motion to transfer under 28 U.S.C. § 1404(a) (Dkt. No. 14) (the "Pre-Motion Letter"). Plaintiffs respectfully request that Your Honor deny Defendants' request for leave to file a motion to transfer for the reasons set forth below.

To date, approximately nineteen related actions have been consolidated into the above-captioned action. *See* Dkt. No. 8 (March 10, 2026 Consolidation Order); Dkt. No. 16 (Apr. 9, 2026 Consolidation Order); Dkt. No. 34 (Apr. 15, 2026 Consolidation Order).

On March 17, 2026, the *Burge* Plaintiffs filed a motion before the Judicial Panel on Multidistrict Litigation ("JPML") requesting, pursuant to 28 U.S.C. § 1407, that the JPML centralize and transfer to this District related actions filed across the country. *See In re Cognizant/TriZetto Data Breach Litig.*, MDL No. 3185. Briefing on the JPML motion closed on April 15, 2026. On April 16, 2026, the JPML issued an order scheduling the motion for a hearing on May 28, 2026, in Milwaukee, Wisconsin. *See id.*, Dkt. 59.

While this Court has consolidated related actions filed in this District, the Court has not yet appointed interim lead counsel to act on behalf of Plaintiffs or even set deadlines concerning applications for appointment as interim lead counsel. *See generally*, Dkt. No. 8. Due to the large number of parties and firms involved in the related actions, the appointment of interim lead counsel will be necessary to ensure effective coordination and maximize efficiency on behalf of Plaintiffs and the putative Classes regarding all phases of the litigation, including responding to any motion. *See* Manual on Complex Litigation (4th) § 21.11 ("[D]esignation of interim counsel clarifies

---

[1] Plaintiffs Burge, Lamaire, Pope, Claudio, Barnett, Harris Vaughn, Buser, Scorpio, Sawyer, Madoff, Billingslea, Conrad, Faraj, Ley, Marchand, Lytle, Jimenez, Noel, Trimble, Torkomian, Chaaban, Noble-Mayer, Johnson, DeLaRiva, Simpson, Elich, Wolf, Caldwell, Whiteside, Lee, Patterson, Halcarz jointly submit this letter.

135 S. LaSalle St.  •  Suite 3210  •  Chicago, IL 60603

p 312.782.4880  •  f 312.782.4485

www.caffertyclobes.com

responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.").

Further, Plaintiffs have not yet filed a consolidated complaint in this action. Without a single operative pleading, it would be difficult for Plaintiffs to fully respond to any motion. Whether transfer is appropriate under Section 1404 is a fact-intensive inquiry. *See, e.g.*, *Lawrence v. Xerox Corp.*, 56 F. Supp. 2d 442, 450 (D.N.J. 1999) ("A transfer analysis under Section 1404 is a flexible and individualized analysis which must be made on the unique facts presented in each case.") (citation omitted); *E.E.O.C. v. Univ. of Pennsylvania*, 850 F.2d 969, 972 (3rd Cir. 1988) (holding that the first-filed rule "is not a mandate" and "[d]istrict courts have always had discretion to retain jurisdiction given appropriate circumstances justifying departure from the first-filed rule") (citations omitted). Indeed, Defendants' Pre-Motion Letter makes various factual claims—albeit without any support—concerning the Data Breach, the relationship between Cognizant and TPS, and the location of potential witnesses and documents. Without a single operative pleading setting forth the relevant facts, this Court would be left to rely on assertions in briefs to inform any decision on Defendants' premature transfer motion and discovery should be permitted to test the accuracy of Defendants' assertions.

Additionally, the pending JPML proceeding will likely moot Defendants' request. Contrary to Defendants' assertion, the JPML routinely entertains and grants Section 1407 motions for centralization when the parties do not consent to transfer under Section 1404. *See, e.g.*, *In re Chantix (Varenicline) Mktg., Sales Pracs. & Prods. Liab. Litig.*, 648 F. Supp. 3d 1381, 1382-82 (J.P.M.L. 2022) (when parties do not consent to transfer, "significant inefficiencies and obstacles to transfer" under Section 1404 are likely); *In re Chrysler Pacifica Fire Recall Prods. Liab. Litig.*, 619 F. Supp. 3d 1349, 1351 (J.P.M.L. 2022) ("Considering the number of involved districts, the wholesale absence of any transfer activity, and the potential tag-along actions, we find that transfer under Section 1404 or the first-to-file rule does not provide a reasonable prospect for eliminating the multidistrict character of this litigation."). Given the dozens of related actions pending in different districts arising out of the same data breach incident and alleging the same underlying facts, the Panel will likely transfer centralized cases to a single court for all pre-trial proceedings.

Moreover, it is likely that the JPML will render a decision before this Court addresses Defendants' not-yet-filed motion. Should Defendants be granted leave to file the motion, Plaintiffs would request at least three to four weeks, or longer, to file their opposition in order to coordinate a response by the many Plaintiffs and law firms in the nearly twenty pending Related Actions. Well before Defendants' motion is fully briefed, argued, and ripe for decision, the JPML will likely have already decided the pending 1407 motion. *See* Dkt. 14 at 3 (Defendant's Pre-Motion Letter, noting that the JPML may decide the MDL Motion on May 28).

As such, Plaintiffs respectfully request that Your Honor deny Defendants leave to file a motion to transfer pending the outcome of the JPML proceeding. In the alternative, should Your Honor grant Defendants' request to file a motion to transfer, Plaintiffs request leave to conduct limited discovery concerning the facts asserted in Defendants' motion, and 28 days following the completion of that discovery to file their response to the motion.

Cafferty Clobes Meriwether&Sprengel LLP

Respectfully submitted,

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**

*/s/ Bryan L. Clobes*
Bryan L. Clobes
Nickolas J. Hagman (*pro hac vice*)

Christopher A. Seeger
Shauna B. Itri
**SEEGER WEISS LLP**
55 Challenger Road 6th Fl.
Ridgefield Park, NJ 07660
Tel.: (973) 639-9100
cseeger@seegerweiss.com
sitri@seegerweiss.com

Thomas E. Loeser (*pro hac vice*)
**COTCHETT PITRE &MCCARTHY LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272
tloeser@cpmlegal.com

*Attorneys for Plaintiffs Liam Lytle, Maricruz Jimenez and Carson Noel*

Leigh S. Montgomery*
Texas Bar No. 24052214
lmontgomery@eksm.com
**ELLZEY KHERKHER SANFORD MONTGOMERY, LLP**
4200 Montrose Blvd., Suite 200
Houston, Texas 77006
Tel: (888) 350-3931

*Attorneys for Plaintiffs Melissa Trimble, Joanne Torkomian, Fatima Chaaban, Kathy Noble-Mayer, Marquintha Johnson, Lori DeLaRiva, Billy Simpson, Suzanna Elich*

Mark K. Svensson
**MILBERG, PLLC**
405 East 50th Street
New York, NY 10022
Tel: (202) 975-0468
msvensson@milberg.com

*Attorneys for Plaintiffs Lisa Scorpio*

Cafferty Clobes Meriwether&SprengelLLP

Kevin Laukaitis
**LAUKAITIS LAW LLC**
954 Avenida Ponce De Leon
Suite 205, #10518
San Juan, PR 00907
Tel: (215) 789-4462
klaukaitis@laukaitislaw.com

*Attorney for Plaintiffs John Wolf, Jim Caldwell, and Lania Whiteside*

**SCIOLLA LAW FIRM LLC**
Andrew J. Sciolla*
Land Title Building
100 S. Broad Street, Suite 1910
Philadelphia, PA 19110
Tel: (267) 328-5245
andrew@sciollalawfirm.com

*Attorney for Plaintiff John Wolf*

Paul J. Doolittle *
**POULIN | WILLEY | ANASTOPOULO, LLC**
32 Ann Street, Charleston, SC 29403
Tel: (803) 222-2222
pauldoolittle@poulinwilley.com

*Attorney for Plaintiff Lania Whiteside*

Liberato P. Verderame
(NJ Bar ID 032251997)
Marc H. Edelson*
**EDELSON LECHTZIN LLP**
411 S. State Street, Suite N300
Newtown, PA 18940
Tel: (215) 867-2399
medelson@edelson-law.com
lverderame@edelson-law.com

*Attorneys for Plaintiff Shannon Lee*

Javier Merino (NJ ID 078112014)
**DannLaw**
825 Georges Road, 2nd Floor
North Brunswick, NJ 08902
Marc E. Dann *
Brian D. Flick *

Cafferty Clobes Meriwether&Sprengel LLP

**DannLaw**
15000 Madison Avenue
Lakewood, OH 44107
Tel: (216) 373-0539
notices@dannlaw.com

Thomas A. Zimmerman, Jr. *
**ZIMMERMAN LAW OFFICES, P.C.**
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
Tel: (312) 440-0020
tom@attorneyzim.com

*Attorneys for Annabelle Patterson*

**WOLF POPPER LLP**
Adam T. Savett
Matthew Insley-Pruitt *
Justyn Millamena *
570 Lexington Ave., 19th Floor
New York, NY 10022
Tel: (212) 759-4600
asavett@wolfpopper.com
minsley-pruitt@wolfpopper.com
jmillamena@wolfpopper.com

*Attorneys for Plaintiffs Madoff, Billingslea, Conrad, Faraj, Ley, and Marchand*

**KAPLAN FOX & KILSHEIMER LLP**
Joel B. Strauss
Ariana J. Tadler
800 Third Avenue, 38th Floor
New York, NY 10022
Tel:  212-687-1980
jstrauss@kaplanfox.com
atadler@kaplanfox.com

**KAPLAN FOX & KILSHEIMER LLP**
William J. Pinilis
160 Morris Street
Morristown, NJ  07960
Tel: 973-656-0222
wpinilis@kaplanfox.com

Cafferty Clobes Meriwether&Sprengel LLP

**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (*pro hac vice*)
Matthew B. George (*pro hac vice*)
Blair E. Reed (*pro hac vice*)
Sophia V. Pintar (*pro hac vice*)
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: 415-772-4700
lking@kaplanfox.com
mgeorge@kaplanfox.com
breed@kaplanfox.com
spintar@kaplanfox.com

*Attorneys for Plaintiff Joseph Sawyer*

James E. Cecchi
Jason H. Alperstein
**CARELLA BYRNE CECCHI
BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, NJ 07068
Tel: (973) 994-1700
jcecchi@carellabyrne.com
jalperstein@carellabyrne.com

James J. Pizzirusso (*pro hac vice*)
Kira Hessekiel*
Nicholas Murphy*
Amanda Boltax*
**HAUSFELD LLP**
1200 17th Street, N.W., Suite 600
Washington, DC 20036
Tel.: (202) 540-7200
jpizzirusso@hausfeld.com
khessekiel@hausfeld.com
nmurphy@hausfeld.com
mboltax@hausfeld.com

Steven M. Nathan (*pro hac vice*)
Ashley M. Crooks
**HAUSFELD LLP**
33 Whitehall Street, 14th Floor
New York, New York 10004
Tel.: (646) 357-1100
snathan@hausfeld.com
acrooks@hausfeld.com

*Attorneys for Theresa Ilene Harris Vaughn, and Marion Barnett*

Cafferty Clobes Meriwether&Sprengel LLP

Norman E. Siegel #44378 (MO) (*pro hac vice*)
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel: (816) 714-7100
siegel@stuevesiegel.com

*Attorneys for Plaintiff Buser*

Andrew J. Heo (NJ Bar # 326289)
Jeffrey W. Golan**\***
**BARRACK, RODOS & BACINE**
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Tel: 215-963-0600
aheo@barrack.com
jgolan@barrack.com

*Attorneys for Plaintiff Andrew Halcarz*

**\*** *pro hac vice* forthcoming