## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| *In re: Cognizant/TriZetto Data Security Incident* | Case No.: 2:25-cv-18908 |

## PLAINTIFFS' UNOPPOSED MOTION TO APPOINT INTERIM CLASS COUNSEL

Pursuant to Federal Rule of Civil Procedure 23(g) and the Court's May 18, 2026, Order setting initial case deadlines (Dkt. 58), Plaintiffs[1] submit this motion for an order appointing Nickolas J. Hagman of Cafferty Clobes Meriwether & Sprengel LLP, Thomas E. Loeser of Cotchett Pitre & McCarthy LLP, and Ashley M. Crooks of Hausfeld LLP as Interim Co-Lead Class Counsel for Plaintiffs. Plaintiffs further request that the Court appoint Jason H. Alperstein of Carella Byrne Cecchi Brody & Agnello, P.C. as Interim Liaison Counsel, and a Plaintiffs' Steering Committee Counsel consisting of: Natalia Perez of Laukaitis Law, LLC; Matthew C. De Re of Zimmerman Law Offices, P.C.; Adam T. Savett of Wolf Popper LLP; Joel B. Strauss of Kaplan Fox & Kilsheimer LLP; and Andrew J. Heo of Barrack, Rodos & Bacine.[2]

The undersigned have conferred with counsel for the various Plaintiffs in this matter. No Plaintiff opposes the appointment of Proposed Interim Class Counsel. *See* Declaration of Nickolas J. Hagman ("Hagman Decl."), attached hereto as Exhibit 1, ¶ 11. For the reasons provided below, Plaintiffs respectfully request that the Court grant the motion, and a proposed order is submitted herewith.

---

[1] Gayle Burge, Ana Lamaire, Natanya Pope, and Norberto Claudio, Melissa Trimble, Joanne Torkomian, Fatima Chaaban, Kathy Noble-Mayer, Marquintha Johnson, Lori DeLaRiva, Billy Simpson, Suzanna Elich, Ray Madoff, Felicia Billingslea, Michael Conrad, Charein Faraj, Michelle Ley, Stacey Marchand, Annabelle Patterson, Lisa Scorpio, Theresa Ilene, Harris Vaughn Marion Barnett, Jim Caldwell, John Wolf, Lana Whiteside, Shannon Lee, Joseph Sawyer, and Andrew Halcarz.

[2] Proposed Interim Co-Lead Class Counsel, Proposed Liaison Counsel, and Proposed Plaintiffs' Steering Committee members are collectively referred to herein as "Proposed Interim Class Counsel."

**APPOINTMENT OF INTERIM CLASS COUNSEL**

**A.      It is Appropriate to Appoint Interim Class Counsel at this Juncture**

Under Rule 23(g), "a court that certifies a class must appoint class counsel" after considering several factors. Fed. R. Civ. P. 23(g)(1). "The appointment of interim class counsel is discretionary and is particularly suited to complex actions." *In re Google Asst. Priv. Litig.*, 19-CV-04286-BLF, 2020 WL 7342713, at *1 (N.D. Cal. Dec. 14, 2020) (citing *Manual for Complex Litigation* (4th) ("*MCL*") § 21.11). Appointing lead counsel prior to class certification "clarifies responsibility for protecting the interests of the class during precertification, activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Niemczyk v. Pro Custom Solar*, No. CV 19-7846 (ES) (MAH), 2024 WL 1698056, at *2 (D.N.J. Jan. 3, 2024) (quoting *MCL* § 21.11).

To improve efficiency and consistency in resolving several similar actions, courts generally appoint interim class counsel early in the proceeding.  "Such appointment is warranted where there are multiple overlapping classes . . . or uncertainty that makes formal designation of interim counsel appropriate.'" *Othart Dairy Farms, LLC v Dairy Farmers of Am, Inc.*, No. 22-cv-0251MIS-SMV, 2022 WL 2966615, at *3 (D.N.M. July 27, 2022); *Beture v Samsung Elecs Am, Inc.*, No. 17-5757-SRC, 2018 WL 3159875, at *1 (D.N.J. March 27, 2018) (finding early appointment of interim class counsel "in the interest of the putative class of Plaintiffs" and "to encourage the coordination and cooperation of counsel"); *Gamboa v Ford Motor Co.*, 381 F. Supp. 3d 853, 868 (E.D. Mich. 2019) (rejecting defendant's argument that appointment was premature and appointing "both interim class counsel and an interim executive committee to assist with the complexities involved in this case").

The designation of interim lead counsel on behalf of Plaintiffs and putative classes ensures judicial efficiency and provides certainty to defense counsel that their counterparts speak on behalf

of all plaintiffs and in a single, consistent voice. *See, e.g.*, *Niemczyk*, 2024 WL 1698056, at *2; *Tolmasoff v. Gen. Motors, LLC*, No. 16-11747, 2016 WL 3548219, at *9 (E.D. Mich. June 30, 2016) (appointing interim class counsel where competing cases "may follow"); *Means v. Montana Power Co.*, 191 Mont. 395, 401, 625 P.2d 32 (1981) ("Absent a lead counsel there [is] no guarantee present to the court that all parties to [the] proceeding would not become actively involved in the litigation."); *McFadden v. Nationstar Mortg. LLC*, No. CV 20-166 (EGS), 2022 WL 18542489, at *2 (D.D.C. Mar. 31, 2022) ("The designation of interim class counsel is especially encouraged in cases . . . where there are multiple, overlapping class actions that require extensive pretrial coordination.") (quoting *Deangelis v. Corzine*, 286 F.R.D. 220, 223 (S.D.N.Y. 2012)). After all, "interim class counsel may be helpful in . . . making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Id.* (quoting *Roe v. Arch Coal, Inc.*, No. 4:15-CV-1026 (SNLJ), 2015 WL 6702288, at *2 (E.D. Mo. Nov. 2, 2015)).

Proposed Interim Class Counsel are (1) comprised of a diverse group of nationally-recognized data breach attorneys, including several with strong connections to this Court and the local legal community; (2) were among the first to file this litigation; (3) moved for the consolidation of this action before this Court; and (4) have been instrumental in developing the relevant legal precepts that will govern this litigation. Their proven track record of successfully leading many of the largest data breach cases nationwide, and their ability to work collaboratively with the other plaintiffs' counsel in this case to self-organize and propose the leadership structure set forth herein, demonstrates they are "best able to represent the interests of the class." *See* Fed. R. Civ. P. 23(g)(2); *MCL* § 21.272 (encouraging "private ordering" whereby counsel jointly come to a leadership consensus and submit their recommendation for appointment to the court).

The appointment of Proposed Interim Class Counsel—a group supported by every Plaintiff that filed a case in this District—will promote efficiency, conserve judicial resources, and create a unified voice for putative class members that will streamline this litigation, with a team capable of taking the case to trial and through any appeals, if necessary.

### B.        Legal Standard

In selecting lead counsel, courts look to the factors set forth in Federal Rule of Civil Procedure 23(g). *See McFadden*, 2022 WL 18542489, at *1 ("The same factors governing the appointment of class counsel apply when appointing interim class counsel."). Specifically, the court "must consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class[.]" Fed. R. Civ. P. 23(g)(1)(A). Additionally, the court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class[.]" Fed. R. Civ. P. 23(g)(1)(B); *Waudby v. Verizon Wireless Servs., LLC*, 248 F.R.D. 173, 176 (D.N.J. 2008). Broadly speaking, class counsel must be "adequate." *See* Fed. R. Civ. P. 23(g)(4) ("Class counsel must fairly and adequately represent the interests of the class."). Prior to certification, the court may also appoint "Interim Counsel." Fed. R. Civ. P. 23(g)(3) ("The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action.").

### C.        Interim Class Counsel Satisfy the Criteria of Rule 23(g)

Here, Proposed Interim Class Counsel satisfy the criteria for appointment of interim lead counsel under Rule 23(g). In support, Proposed Interim Class Counsel provide declarations

regarding their qualifications. *See* Hagman Decl. ¶¶ 13-16; Exhibit A (Cafferty Clobes Firm Resume), Exhibit B (Cotchett Firm Resume), Exhibit C (Hausfeld Firm Resume).

**1.    Interim Class Counsel Have Performed Substantial Work Identifying and Investigating the Claims**

Proposed Interim Class Counsel have been diligent in investigating and advancing this case. Proposed Interim Class Counsel have been actively litigating this case since the Data Breach was first disclosed, including researching, investigating, retaining experts, and drafting highly detailed and comprehensive complaints that reflect the care and commitment these plaintiffs and their counsel have devoted, and will continue to devote, to this litigation. As such, Proposed Interim Class Counsel is familiar with the legal and factual issues that are likely to arise in this case, and are prepared to execute on the deadlines and expectations set by this Court.

Additionally, Proposed Interim Class Counsel led the charge to get these matters consolidated, working directly with defense counsel and counsel for plaintiffs in the related actions to get consensus on a consolidation motion. Since then, Proposed Interim Class Counsel have continued to lead efforts to move this action forward on behalf of all Plaintiffs, including preparing multiple filings with the court concerning a proposed initial case schedule, a response to Defendants' pre-motion letter requesting leave to file a motion to transfer, and appearing at the hearing on April 15, 2026. Hagman Decl. ¶ 8. Proposed Interim Class Counsel are also taking the lead on responding to Defendants' Motion to Transfer. Work assignments have been, and will continue to be, allocated fairly and in a manner that takes advantage of the strengths of each firm while eliminating any inefficient or duplicative work.

Proposed Interim Class Counsel operate as a cohesive, well-organized group. Going forward, and if appointed, Proposed Interim Class Counsel will establish a standardized protocol for managing and reporting time and expenses incurred, to prosecute the case as efficiently as

possible and avoid duplication of work. Accordingly, the substantial work and investigation to date weigh in favor of appointing Proposed Interim Class Counsel under Fed. R. Civ. P. 23(g)(3), as Proposed Interim Class Counsel are organized, unified, and committed to working together for the best interests of the class. *See Waudby*, 248 F.R.D. at 176 (selecting interim counsel based on the effort expended to investigate the claims and the resources available to prosecute the litigation); *Dependable Component Supply Corp. v. Murata Mfg. Co.*, No. 5:18-cv-00198-EJD, 2018 WL 3388548, at *2 (N.D. Cal. Apr. 27, 218) (same).

Accordingly, the substantial work and investigation to date weigh in favor of appointing Proposed Interim Class Counsel under Fed. R. Civ. P. 23(g)(3), as Proposed Interim Class Counsel are organized, unified, and committed to working together for the best interests of the class.

### 2.   Interim Class Counsel Are Highly Experienced in Leading and Successfully Resolving Complex Consumer Class Actions Involving Claims Similar to Those at Issue in this Litigation

The second factor the Court must consider is "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action." Fed. R. Civ. P. 23(g)(1)(A)(ii). Here, each Proposed Interim Class Counsel has a track record of successfully litigating and resolving consumer class actions, particularly data breach class actions. *See In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (stating that the "most persuasive" factors in choosing lead counsel may be proposed counsel's "experience in, and knowledge of, the applicable law in this field"). Collectively, as well as singularly, proposed Interim Class Counsel and their firms have deep class action experience, have been certified as class counsel by many federal courts, and possess the skills to represent the proposed class.

The qualifications and experience of the proposed Interim Co-Lead Class Counsel firms are detailed below, and in the accompanying firm resumes. *See* Hagman Decl. Exhibit A (Cafferty Clobes Firm Resume), Exhibit B (Cotchett Firm Resume), Exhibit C (Hausfeld Firm Resume).

6

***Nickolas J. Hagman of Cafferty Clobes Meriwether & Sprengel LLP***

Nickolas J. Hagman is a partner with Cafferty Clobes Meriwether & Sprengel, LLP ("Cafferty Clobes"), a national class action firm that regularly serves as court-appointed class counsel in a broad spectrum of class action and antitrust actions nationwide. Mr. Hagman's practice is concentrated on consumer fraud and data privacy matters, and he leads Cafferty Clobes' data breach practice. Through his efforts leading large and complex class actions, Mr. Hagman has secured compensation for many millions of individuals.

Mr. Hagman and Cafferty Clobes are well suited to be appointed as interim co-lead class counsel as Mr. Hagman and the firm have been appointed and actively serve as lead counsel in many major consumer class action matters, including data breach actions, such as:

- *Stroup, et al. v. Cardiovascular Consultants, Ltd.*, No. CV2023-020048 (Sup. Ct. Maricopa Cnty., Ariz. Feb. 25, 2026) (appointing Mr. Hagman as Class Counsel and granting preliminary approval to a $3,850,000 common fund settlement on behalf of approximately 477,000 class members);

- *In re: Knight Barry Title, Inc. Data Incident Litigation*, No. 2:24-cv-00211-LA, (E.D. Wis. Mar. 2, 2026) (granting final approval to the $1,100,000 common fund settlement on behalf of class members, with Mr. Hagman serving as co-lead class counsel);

- *Douglas, et al. v. PurFoods, LLC*, No. 4:23-cv-00332-RGE (S.D. Iowa Dec. 2, 2025) (granting final approval to the $4,250,000 common fund settlement on behalf of class members, with Mr. Hagman serving as co-lead class counsel);

- *Martemucci, et al. v. Peachtree Orthopaedic Clinic, P.A.*, No. 23-CV-1234-3 (Ga. Sup. Ct. Forsyth Cnty. Apr. 16, 2025) (granting final approval to the $1,300,000 common fund settlement on behalf of class members, with Mr. Hagman serving as co-lead class counsel);

- *Tormaschy, et al. v. Panorama Eye Care, LLC*, No. 2024CV30509 (Dist. Ct. Larimer Cnty. Colo. Apr. 2, 2025) (granting final approval to the $4,700,000 common fund settlement on behalf of class members, with Mr. Hagman serving as co-lead class counsel);

- *Rentschler, et al. v. Atlantic General Hospital Corp.*, No. 23-cv-1005 (D. Md. Sept. 5, 2024) (appointing Cafferty Clobes co-class counsel granting final approval to the $2.25 millions class settlement);

- *Jordan v. Absolute Dental Group, LLC*, No. 2:25-cv-0986-JAD-DJA, Dkt. 92 (D. Nev. Mar. 6, 2026) (appointing Mr. Hagman as co-class counsel and granting preliminary approval to the class settlement on behalf of 1.2 million class members);

- *Hood, et al. v. Educational Computer Systems, Inc*., No. 24-cv-00666-CCW (W.D. Pa.) (appointing Nickolas J. Hagman as interim co-lead counsel);

- *De la Luz, et al. v. Marshfield Clinic Health System*, No. 2025CV000469 (Cir. Ct. Wood Cnty., Wis. Dec. 11, 2025) (appointing Mr. Hagman as sole interim class counsel in the consolidated action arising out of a data breach).

Cafferty Clobes is a national leader in managing and litigating complex class actions on behalf of a wide variety of consumers and has recovered billions of dollars for consumers since its founding in 1992. In the last few years alone, Mr. Hagman and Cafferty Clobes generally have led and settled multiple consumer class actions that provided consumers with substantial relief. *See, e.g.*, *Barrett v. Apple Inc.*, No. 20-cv-04812-EJD, ECF No. 291 (N.D. Cal. Dec. 19, 2024) (appointing Mr. Hagman as co-lead counsel and granting final approval to a $35 million class settlement on behalf of victims of gift card scams); *Nielsen v. Walt Disney Parks and Resorts, Inc.*, No. 21-cv-02055, ECF No. 102 (C.D. Cal. Mar. 4, 2023) (appointing Cafferty Clobes co-lead Class Counsel granting final approval of the $9.5 million class action settlement on behalf of individuals who purchased certain annual passes for Disney's California theme parks); *In re: Consumer Vehicle Driving Data Tracking Collection*, No. 1:24-MC3115-TWT, ECF 63 (N.D. Ga. Aug. 19, 2024) (appointing Cafferty Clobes as co-lead counsel in the multidistrict litigation).

Beyond litigation, Mr. Hagman is active in the legal community in matters concerning class actions, including authoring the 2024 edition of the Illinois Institute of Continuing Legal Education (IICLE) Class Action Handbook chapter *Settlement Procedures, Negotiations, and Agreements Under State and Federal Rules*, and having twice served on the board of the Chicago Bar Association Class Action Committee, including as the Vice Chair. Mr. Nickolas J. Hagman's

experience and knowledge are further demonstrated in the Cafferty Clobes Meriwether & Sprengel LLP firm resume, attached to the Hagman Decl. as **Exhibit A**.

### *Thomas E. Loeser of Cotchett, Pitre & McCarthy LLP*

Tom Loeser represents consumers in complex technology-related class actions. *See* Exhibit B, CPM Resume. He is an *AV Preeminent* rated SuperLawyer and member of Lawdragon's 500 Leading Plaintiff Consumer Lawyers **and** 500 Leading Plaintiff Financial Lawyers. He is a 27-year technology lawyer with high-tech bona fides. Mr. Loeser obtained a technology MBA and worked in the technology industry, including coding for the Treasury at Microsoft and at the Hewlett-Packard Company, before attending Duke Law School. He began his legal career as a technology lawyer in Silicon Valley.

In 2002, Mr. Loeser became an AUSA in Los Angeles and then joined the Cyber and IP Crimes Section. He received years of training in the investigation and prosecution of hacking, computer intrusion, fraud, malware, and data breach cases. Mr. Loeser has a deep understanding of the technological parameters of a data breach and he has applied that knowledge working on civil data breach cases for 20 years. His unique experience working closely within government and in civil practice at the forefront of the cyber-war gives insight that will benefit the class.

Mr. Loeser has succeeded in highly technical class cases, including the *Dieselgate* litigation, where he spearheaded expert work on the software used to cheat emissions tests. Other notable appointments include *In re: T-Mobile I* and *II, In re: AT&T,* and *Sheikh v. Tesla*. The Tesla case centered on complex automated driving software. At final approval of a complex settlement, Judge Beth Labson Freeman remarked on the record:

> I will reiterate that Class Counsel has demonstrated over many years, superior experience and capability in handling class actions of this sort. It's not simple, you make it look easy, and that is the art of what you do, Mr. Loeser, and the Court certainly appreciates the

good work in this case, and in recognition of the many cases that your firm has handled over the years.[3]

Mr. Loeser was recently appointed co-lead in three large Electronic Health Records (EHR) data breach cases: *In re Cerner/Oracle* (W.D. Mo.), *In re HealthEquity* (D. Utah) and *In re Laboratory Services* (D. Wash.). He was also appointed to leadership in *In re Consumer Vehicle Tracking* (N.D. Ga.) and *Sims v. Allstate* (N.D. Ill.), privacy cases concerning advanced technology used in vehicle tracking to infer driving behavior.

Mr. Loeser's deep expertise in technology and law has led to many speaking engagements across the country and in Europe. Recent engagements include speaking on *The Future of Privacy Cases* at the Mega Summit in Santa Monica, *Class Action Litigation in the Digital Age* at Perfect Law Global Class Actions and Mass Torts Conference in London, and he chaired *Privacy, Data and Tech: The New Frontier of Class Actions* at the Class Actions and Mass Torts Conference in Florence, Italy. In February, 2026, Mr. Loeser was a panelist at the Bolch Judicial Institute's McGovern Symposium at Duke Law.

Finally, in determining who to appoint to lead a complex class action, a lawyer's education and experience in *leadership* is important. Mr. Loeser's MBA included two years of Human Resource Management coursework. He applied the theories of leadership from his MBA to his position at Hewlett Packard where his team had members across the globe. This same training has helped guide Mr. Loeser's experience leading teams of lawyers, paralegals, and investigators in hundreds of cases across multiple firms for over 20 years. His education and experience will help create an effective leadership team here.

Cotchett, Pitre & McCarthy has over the last 50 years has built a practice and reputation, nationwide in scope, for prosecuting socially just actions and standing up to the largest and richest

---

[3] *Sheikh v. Tesla, Inc.*, No. 5:17-cv-02193 (N.D. Cal.) (Oct. 17, 2018 Hr'g Tr. at 12).

corporations in the world. *See* www.cpmlegal.com. CPM has always hired and advanced women and persons with backgrounds that are underrepresented in the law. CPM firmwide is 71% female and 49% persons of color. Its attorneys are 52% female and 34% persons of color. The CPM team litigating this action includes Thomas E. Loeser, Karin B. Swope[4] and Ellen Wen.[5] Mr. Loeser's experience and knowledge are further demonstrated in the firm resume attached to the Hagman Decl. as **Exhibit B**.

### *Ashley M. Crooks of Hausfeld LLP*

Ashley Crooks is a partner in the New York office of Hausfeld LLP ("Hausfeld"), widely acknowledged as one of the country's preeminent and most successful class action law firms. Hausfeld has been at the forefront of data breach and privacy litigation, leading and obtaining groundbreaking results in the largest data breach cases in the country, including: *In re Equifax, Inc. Customer Data Sec. Breach Litig.*,1:17-md-2800-TWT (N.D. Ga.) ($1.5 billion settlement); *In re T-Mobile Data Sec. Breach Litig.*, MDL No. 3019 (W.D. Mo.) ($500 million settlement); *In re: Marriott Int'l Inc., Customer Data Sec. Breach Litig.*, MDL No. 2879 (D. Md.) (class certification obtained), among others. For four years running, Chambers has ranked Hausfeld "as a leading plaintiff-side practice in cybersecurity and privacy litigation actions,"[6] the *only* plaintiffs' firm in the country to receive that recognition.

As a member of Hausfeld's pioneering cybersecurity practice, Ms. Crooks is committed to advancing the law on issues surrounding technology, privacy, and data security. Ms. Crooks is well-versed in both sides of complex litigation, with experience representing both defendants and plaintiffs in a variety of high-stakes commercial, mass tort, and data privacy matters at all stages

---

[4] https://www.cpmlegal.com/professionals-karin-swope-attorney.
[5] https://www.cpmlegal.com/professionals-ellen-wen-attorney.
[6] *Privacy & Data Security: Litigation*, CHAMBERS AND PARTNERS, https://chambers.com/legal-rankings/privacy-data-security-litigation-usa-nationwide-5:2933:12788:1?l=en-GB.

of litigation. Ms. Crooks began her legal career at a large international law firm, where she served on national counsel teams in consolidated mass tort proceedings and multidistrict product liability litigation, and she has managed dozens of cases through all stages of pretrial litigation under accelerated discovery periods in state and federal court. She has extensive experience in nearly every phase of complex litigation, from initial investigation and pleading, to discovery management, dispositive motion practice, settlement negotiation, fact and expert witness development, trial, and appeal. Ms. Crooks also has significant experience in early assessment and resolution of cases, including group settlement administration and management of aggregate settlements involving thousands of claimants.

Ms. Crooks has extensive experience litigating data breach class action lawsuits and has previously been appointed to plaintiffs' leadership in state and federal courts across the country, including in: *In re: Fred Hutchinson Cancer Center Data Breach Litigation*, Case No. 23-2-24266-1 (Wash.) (appointed to plaintiffs' steering committee); *Bianucci, et al. v. Rite Aid Corporation*, Case No. 2:24-cv-03356-HB (E.D. Pa.) (appointed as plaintiffs' co-lead counsel); *In re Hot Topic Data Breach Litigation*, Case No. 2:24-cv-09215-MEMF-AS (C.D. Cal.) (appointed as plaintiffs' co-lead counsel); *In re RetailMeNot Browser Extension Litigation*, Case No. 1:25-cv-01420-JLR (S.D.N.Y.) (appointed as plaintiffs' co-lead counsel and liaison counsel); *Pannozzi v. Deloitte Consulting LLP*, Lead Case No. 1:24-cv-00524-MRD-LDA (D. R.I.) (appointed to plaintiffs' executive committee); *In re PayPal Honey Browser Extension Litigation*, Lead Case No. 24-cv-09470-BLF (N.D. Cal.) (appointed to plaintiffs' executive committee); *In re Columbia University Data Breach Litigation*, Lead Case No. 1:25-cv-06232-PKC (S.D.N.Y.) (appointed as plaintiffs' co-lead counsel); *In re Conduent Business Services Data Breach Litigation*, Case No. 2:25-cv-

16953-MEF-MAH (D. N.J.) (appointed to plaintiffs' steering committee); and *Ding, et al. v. New York University*, 1:25-cv-02416-ER (S.D.N.Y.) (appointed as plaintiffs' co-lead counsel).

Ms. Crooks has also been directly involved in several recent high-profile data breach cases in which Hausfeld has been appointed to leadership positions, including: *In re: MOVEit Customer Data Security Breach Litigation*, No. 1:23-md-03083 (D. Mass.); *In re: Harvard Pilgrim Data Security Incident Litigation*, 1:23-cv-11211 (D. Mass.); *In re: Entertainment Partners Data Breach Litigation*, No. 2:23-cv-06546 (C.D. Cal.); and *In re: Post Meds, Inc. Data Breach Litigation*, No. 4:23-cv-05710 (N.D. Cal.). Hausfeld has over 175 lawyers worldwide, has recovered in excess of tens of billions of dollars for its clients, and can go head-to-head with the largest defense firms. As such, the firm has sufficient resources to take on this important litigation. Ms. Crooks' biography and firm resume are attached hereto as **Exhibit C**.

<u>**Liaison Counsel and Plaintiffs Steering Committee**</u>

In addition to Proposed Interim Co-Lead Counsel, Plaintiffs request that the Court appoint Jason H. Alperstein of Carella Byrne Cecchi Brody & Agnello, P.C. as Liaison Counsel.

***Jason H. Alperstein of Carella Byrne Cecchi Brody & Agnello, P.C.***

Mr. Alperstein has been recognized by several leading industry organizations for the success he has achieved as a young lawyer, including in data breach cases and multi-district litigation throughout the country.

Of note, prior to joining Carella Byrne Cecchi Brody & Agnello, P.C. ("Carella Byrne"), Mr. Alperstein served on the class counsel litigation team in *In re Checking Account Overdraft Litig.*, No. 09-md-02036 (S.D. Fla.), which resulted in over $1.2 billion in settlements from the nation's largest financial institutions. Mr. Alperstein was appointed co-lead counsel in several class actions involving insurers' failure to pay the "actual cash value" on first-party total loss vehicle claims, including in *Paris v. Progressive American Ins. Co.*, No. 19-cv-21761 (S.D. Fla.),

where he obtained a $38 million settlement on behalf of Florida insureds. In addition, Mr. Alperstein was an integral member of the teams that litigated *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, & Prods. Liab. Litig.*, No. 15-md-2672 (N.D. Cal.) ($17 billion in aggregate settlements), where he was involved in almost all aspects of the litigation, including at the appellate level. He was also a key team member in *In re Chrysler-Dodge-Jeep EcoDiesel Marketing, Sales Practices and Prods. Liab. Litig.*, No. 17-md-02777 (N.D. Cal.), another "clean diesel" case, which resulted in a $840 million settlement. And, perhaps most importantly, Mr. Alperstein assisted Lead Counsel in obtaining a $117.50 million settlement in *In re Yahoo! Inc. Customer Data Security Breach Litig.*, No. 16-md-02752 (N.D. Cal.)—the largest data breach settlement at the time.

Mr. Alperstein has continued to develop an expertise in data breach litigation as an attorney at Carella Byrne, working closely with James E. Cecchi, who currently serves as lead counsel, co-lead counsel and as an executive committee member in some of the most important data security actions in the United States. Carella Byrne is a leader in the field of cybersecurity law. A few examples of Carella Byrne's current court-appointed leadership positions are included below:

- *In re TikTok Inc. In-App Browser Privacy Litigation*, MDL No. 2948-A, No. 1:24-cv-02110 (N.D. Ill.) (Executive Committee Member);

- *In re: Conduent Business Services Data Breach Litigation*, Civil Action No. 2:25-cv-16953 (D.N.J.) (Co-Lead Counsel)

- *In re: American Medical Collection Agency, Inc. Customer Data Security Breach Litigation*, MDL No. 2904, Case No. 2:19-md-02904 (D.N.J.) (Sole Lead Counsel);

- *In re AT&T Inc. Customer Data Security Breach Litigation*, MDL No. 3114, No. 3:24-cv-00757-E (N.D. Tex.) (Executive Committee);

- *In re T-Mobile 2022 Customer Data Security Breach Litigation*, MDL No. 3073, No. 22-md-03073 (W.D. Mo.) (Executive Committee);

14

- *In re: PowerSchool Holdings, Inc. and PowerSchool Grp. LLC Cust. Sec. Breach Litig.*, No. 25-md-3149 (S.D. Cal.) (Lead Counsel for School District Class Action track).

- *In re: Fortra File Transfer Software Data Security Breach Litigation,* MDL No. 3090 (S.D. Fla.) (MDL Track Coordination and Settlement Counsel);

- *In re: Change Healthcare, Inc. Customer Data Security Breach Litigation*, MDL 3108, No. 1:24-md-03108 (D.M.N.) (Steering Committee Member);

- *Schroeder v. HealthEC, LLC*, No. 24-0096 (D.N.J.) (Liaison Counsel); and

- *In re: American Financial Resources, Inc. Data Breach Litigation*, No. 2:22-cv-01757 (D.N.J. Mar 29, 2022) (Co-Lead Counsel).

Mr. Alperstein's biography and firm resume are attached hereto as **Exhibit D**.

Additionally, to support Proposed Interim Co-Lead Counsel, Plaintiffs request that the Court appoint the following persons to a Plaintiffs' Steering Committee:

- Natalia Perez of Laukaitis Law, LLC;

- Matthew C. De Re of Zimmerman Law Offices, P.C.;

- Adam T. Savett of Wolf Popper LLP;

- Joel B. Strauss of Kaplan Fox & Kilsheimer LLP; and

- Andrew J. Heo of Barrack, Rodos & Bacine.

**3.     Proposed Interim Class Counsel Are Familiar with the Applicable Law**

The third factor to consider is "counsel's knowledge of the applicable law." Fed. R. Civ. P. 23(g)(1)(A)(iii); *Waudby*, 248 F.R.D. at 176-177. Proposed Interim Class Counsel are knowledgeable about the law applicable to the instant claims, as demonstrated by their experience litigating other class actions. *See supra*; Hagman Decl. ¶¶ 13-16. As set forth above, every proposed member of the Proposed Interim Class Counsel has a track record of successfully litigating and resolving large-scale complex actions, including data breach litigation. *Id.* Proposed Interim Class Counsel will ensure their familiarity with the applicable laws and practices of this

15

jurisdiction, as well as this Court's rules and procedures, which will serve to minimize inefficiency in attorney time and litigation costs.

> **4.    Proposed Interim Class Counsel Will Commit All Necessary Recourses to Representing the Class**

The final Fed. R. Civ. P. 23(g)(1)(A)(iv) factor, which concerns the resources counsel will commit to the case, also strongly supports the appointment of Proposed Interim Class Counsel. Their firms are well-established law firms that have the resources and personnel necessary to pursue a case of this magnitude, as they have demonstrated in numerous similar class actions. *Id.* ¶¶ 13-16, Exs. A-D. The firms that comprise Proposed Interim Class Counsel are responsible for achieving some of the largest class action recoveries in some of the most complex, document-intensive, and high-profile class actions. As a result, the firms can fully utilize their resources and knowledge of class action practice to the direct benefit of Plaintiffs and the class members. Proposed Interim Class Counsel have already demonstrated the will and ability to commit the necessary resources to assure a strong and well-supported case on behalf of members of the proposed class. *Id.* ¶¶ 5-8, 11-12.

While each firm is committed to expending whatever resources are necessary to achieve a favorable result for the class, all counsel are cognizant of the need to control costs, have diligently done so in other complex litigation they have led, and will do so here. *See Manual for Complex Litigation (Fourth)* § 10.221 ("The most important" factor in appointing leadership "is achieving efficiency and economy without jeopardizing fairness to the parties.").

In sum, the Rule 23(g)(1)(A) factors support the appointment of proposed Interim Class Counsel.

**5.      Other Factors Supporting Appointing Proposed Interim Co-Lead Counsel**

The proposed leadership structure has the support of Plaintiffs from all of the Related Cases. Majority support is a relevant factor in appointing interim co-lead class counsel. *See In re Aluminum Phosphide Antitrust Litig.*, No. 93-2452, 1994 WL 481847, at *5, 7 (D. Kan. May 17, 1994) ("In designating lead counsel, the court will also give due consideration to the preferences expressed by the parties themselves, through their counsel."); *MCL* § 10.22 (noting desirability of "the attorneys coordinat[ing] their activities without the court's assistance"), § 10.272 (describing "private ordering" approach).

Proposed Interim Class Counsel and the attorneys at their respective law firms also reflect the diversity of the bar and the class they seek to represent—from the standpoint of age, experience, and geographic location. *See* Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices for Large and Mass-Tort MDLs* at 38, 45-46 (2d ed. 2018), *available at* https://judicialstudies.duke.edu/wp-content/uploads/2018/09/MDL-2nd-Edition-2018-For-Posting.pdf ("Duke Guidelines") ("The judge's primary responsibility in the selection process is to ensure that the lawyers appointed to leadership positions are capable and experienced and that they will responsibly and fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and backgrounds."). Proposed Interim Class Counsel includes a number of younger lawyers, which reflects the diversity of the class Plaintiffs seek to represent.

Another important consideration in selecting leadership is the ability to work well as a team, with opposing counsel, and with the Court. The role of leadership in complex litigation places a premium on professionalism, cooperation, courtesy, and acceptance of the obligations owed as officers of the Court, all of which are critical to successful management of the litigation. *See MCL* §§ 10.22, 21.11. It is useful to consider whether counsel applying for leadership "have worked together in other cases, their ability to collaborate in the past, divide work, avoid

17

duplication, and manage costs." Duke Guidelines, *supra*, at 43.  Nowhere could these sentiments be truer than among the counsel proposed for Proposed Interim Class Counsel, who have worked cooperatively with one another in other major data breach class actions and who have worked cooperatively here to create a near-consensus leadership structure.

Importantly, Proposed Interim Class Counsel have not made any agreements with each other with respect to funding, cost-sharing, pooling clients, fees, or any other matter. They all understand that they will be required to make contributions to fund the litigation, and they will not accept any third-party litigation funding to do so.

**CONCLUSION**

For the reasons described herein, Plaintiffs respectfully request that the Court consolidate the Related Actions pursuant to Rule 42(a) and appoint the proposed Interim Class Counsel pursuant to Rule 23(g)

Dated: May 20, 2026                         Respectfully Submitted,

/s/ *Bryan L. Clobes*
Bryan L. Clobes
Nickolas J. Hagman (*pro hac vice*)
**CAFFERTY CLOBES**
**MERIWETHER & SPRENGEL LLP**
135 S. LaSalle, Suite 3210
Chicago, IL 60603
bclobes@caffertyclobes.com
nhagman@caffertyclobes.com

Thomas E. Loeser (*pro hac vice*)
**COTCHETT PITRE &MCCARTHY LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272
tloeser@cpmlegal.com

18

James E. Cecchi
Jason H. Alperstein
**CARELLA BYRNE CECCHI
BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, NJ 07068
Tel: (973) 994-1700
jcecchi@carellabyrne.com
jalperstein@carellabyrne.com

Ashley M. Crooks
**HAUSFELD LLP**
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel.: (646) 357-1100
acrooks@hausfeld.com

19

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel via transmission of Notices of Electronic Filing generated by CM/ECF or via electronic mail for those parties who have yet to appear.

*s/     Bryan L. Clobes*
Bryan L. Clobes

20