**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In re: Cognizant/TriZetto Data Security Incident* | Case No.: 2:25-cv-18908 |

**DECLARATION OF NICKOLAS J. HAGMAN IN SUPPORT OF**
**PLAINTIFFS' UNOPPOSED MOTION TO APPOINT INTERIM CLASS COUNSEL**

I, Nickolas J. Hagman, hereby declare as follows:

1. I am a partner in the law firm Cafferty Clobes Meriwether & Sprengel LLP ("Cafferty Clobes"). I have personal knowledge of the matters stated in this declaration. If called upon, I could and would competently testify to the matters as stated. This declaration is submitted in support of Plaintiffs' Unopposed Motion to Appoint Interim Class Counsel.

2. Defendant Cognizant Technology Solutions Corporation ("Cognizant"), and its wholly subsidiary TriZetto Provider Solutions, LLC ("TriZetto") (collectively, "Defendants"), developed, marketed, and profited from "Cognizant's TriZetto healthcare products, which include cloud-based software, including billing and revenue management software, for medical services providers throughout the United States.[1] Defendants' software is presently utilized by over 800,000 healthcare facilities across the nation, and collects, stores, and manages personally-identifiable-information ("PII"), private-health-information ("PHI"), and financial information (collectively, "Private Information") of over 200 million individuals.

3. In an October 2, 2025 data breach, cybercriminals successfully infiltrated Cognizant's TriZetto software systems and stole private, personally identifying information and

---

[1] *TriZetto Healthcare Administration Solutions*, COGNIZANT, available at:
https://www.cognizant.com/us/en/industries/healthcare-technology-solutions/trizetto.

protected health information belonging to over 3.4 million patients of medical practices that use Defendants' software (the "Data Breach").

4.  Cafferty Clobes began investigating potential claims arising out of the Data Breach. As part of that investigation, Cafferty Clobes researched the potential legal theories and claims at issue and investigated the facts and circumstances surrounding the breach, including the cause of the breach, Defendant's public statements regarding the Data Breach, media commentary and consumers experiences following the Data Breach, and prepared a detailed class action complaint.

5.  On December 22, 2025, Plaintiffs Burge, Lamaire, Pope, and Claudio and their attorneys at Cafferty Clobes commenced the first-filed action in this District arising out of the Data Breach. Over the following weeks and months, nearly twenty actions were filed in this District asserting claims on behalf of overlapping putative classes arising out of the Data Breach.

6.  Since initiating the first-filed action, I, and Cafferty Clobes in general, have acted proactively to move the related actions forward, while organizing the plaintiffs and firms across the many cases to act as a single, unified voice.

7.  On February 6, 2026, Plaintiffs Burge, Lamaire, Pope, and Claudio and Cafferty Clobes moved the Court to consolidate the related actions concerning the Data Breach that were pending in this District. The Court granted consolidation on March 10, 2026. As required by the Court's consolidation order, Plaintiffs and Cafferty Clobes kept the Court updated when additional related actions were filed, to ensure that all actions arising out of the Data Breach were consolidated into the first-filed action to ensure the actions were moving forward efficiently.

8.  Additionally, I, along with the attorneys at Cotchett Pitre & McCarthy LLP ("Cotchett"), Hausfeld LLP ("Hausfeld"), and Carella Byrne Cecchi Brody & Agnello, P.C. ("Carella Byrne") lead the efforts on behalf of all plaintiffs to, inter alia, appear at the April 15,

2

2026 Hearing, and draft and file the response to Defendants' pre-motion letter requesting leave to file a motion to transfer.

9.      While counsel for all plaintiffs have worked cooperatively since the initiation of the actions to prosecute these actions, due to the number of actions, firms, and plaintiffs involved across the related actions, court-appointed interim leadership is necessary to ensure the action is litigated efficiently.

10.     Plaintiffs propose the following leadership team:

**Co-Lead Class Counsel**
- Nickolas J. Hagman of Cafferty Clobes Meriwether & Sprengel LLP
- Thomas E. Loeser of Cotchett Pitre & McCarthy LLP
- Ashley M. Crooks of Hausfeld LLP

**Liaison Counsel**
- Jason Alperstein of Carella Byrne Cecchi Brody & Agnello, P.C.

**Plaintiffs' Steering Committee**
- Natalia Perez of Laukaitis Law, LLC;
- Matthew C. De Re of Zimmerman Law Offices, P.C.;
- Adam T. Savett of Wolf Popper LLP;
- Joel B. Strauss of Kaplan Fox & Kilsheimer LLP; and
- Andrew J. Heo of Barrack, Rodos & Bacine

11.     Proposed Class Counsel developed the proposed leadership structure cooperatively and voluntarily, through scores of personal meetings, teleconferences and correspondence over the last several weeks. This voluntary coordination demonstrates that this group is well-suited to lead this consolidated action, and is supported by the vast majority of Plaintiffs that have filed cases in this District.[2]

12.     As part of the agreement to collectively prosecute the litigation, all counsel involved understand the legal and factual underpinnings of the litigation, the need to work

---

[2] Although the undersigned understand that one or more additional applications may be filed seeking to be added to the proposed slate, there is no known opposition to this application at the time of filing.

cooperatively, to allocate necessary resources to the litigation, and to effectively advance the interests of the classes.

13.    Proposed Co-Lead Class Counsel are qualified to lead the consolidated litigation on behalf of the class. *See* Proposed Co-Lead Class Counsel firm resumes, attached to this Declaration as **Exhibit A** (Cafferty Clobes firm resume), **Exhibit B** (Cotchett firm resume), **Exhibit C** (Hausfeld firm resume), and **Exhibit D** (Carella Byrne firm resume).

14.    Proposed Co-Lead Class Counsel have devoted appropriate time to researching the relevant law and applying their experience to prepare a detailed complaint.

15.    Proposed Co-Lead Class Counsel will continue to expend the time and resources necessary to advocate for Plaintiffs and the Class.

16.    Proposed Co-Lead Class Counsel are well equipped to prosecute this action on behalf of the putative classes. Proposed Co-Lead Class Counsel and co-counsel are each self-funded firms, capable of advancing the costs of litigation, and do not rely on third party financing. Proposed Co-Lead Class Counsel will commit all necessary resources to this litigation and will vigorously represent the interests of the proposed classes.

17.    Additionally, Plaintiffs seek appointment of one attorney from each of the Related Actions to serve on the Plaintiffs' Steering Committee. Members of the Plaintiffs' Steering Committee will be responsible for working with Proposed Co-Lead Class Counsel to advance this litigation in an effective and efficient manner. The proposed members of the Plaintiffs' Steering Committee are:

- Natalia Perez of Laukaitis Law, LLC;
- Matthew C. De Re of Zimmerman Law Offices, P.C.;
- Adam T. Savett of Wolf Popper LLP;
- Joel B. Strauss of Kaplan Fox & Kilsheimer LLP; and
- Andrew J. Heo of Barrack, Rodos & Bacine

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct, and that this declaration was executed on this 20th day of May 2026.

/s/ Nickolas J. Hagman
Nickolas J. Hagman (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 S. LaSalle, Suite 3210
Chicago, Illinois 60603
Telephone: (312) 782-4880
Facsimile: (312) 782-4485
nhagman@caffertyclobes.com