**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In re: Cognizant/TriZetto Data Security Incident* | Case No.: 2:25-cv-18908-MCA-AME |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER CONSOLIDATED ACTIONS TO EASTERN DISTRICT OF MISSOURI**

Defendants Cognizant Technology Solutions Corporation ("Cognizant") and/or TriZetto Provider Solutions, LLC ("TPS" or "TriZetto") (collectively, "Defendants") seek to evade this Court's jurisdiction. Cognizant, from its headquarters in New Jersey, created an online platform that housed sensitive and confidential information for millions of individuals. Unfortunately for those individuals, Cognizant failed to implement adequate data security practices, and permitted cybercriminals to have unfettered access to the portal for approximately one year, during which time the criminals stole the highly sensitive personal and medical information concerning the millions of patients of Cognizant's clients.

Instead of acknowledging its role in the harm that it caused to millions of individuals, Cognizant tries to hide behind a subsidiary that it purchased more than a decade ago to escape this Court's supervision. Defendants' *Motion to Transfer Consolidated Actions to the Eastern District of Missouri* ("Motion to Transfer") requests that these consolidated matters be transferred to the United States District Court for the Eastern District of Missouri. Defendants' Motion to Transfer relies on one-sided factual assertions that are directly contrary to Plaintiffs' allegations.[1]

Because the Motion to Transfer seeks to remove this case from the center of gravity of Plaintiffs' claims, and instead supplant the case into a foreign district that has not progressed as

---

[1] Citations to Defendants' Memorandum in Support of Motion to Transfer Consolidated Actions to the Eastern District of Missouri [ECF No. 54-3] appear as "Defs. Mem. at __."

far as the consolidated case pending in this Court, the Court should deny the Motion to Transfer. In the alternative, Plaintiffs request that the Court grant them leave to conduct limited discovery concerning the factual claims made by Defendants in the Motion to Transfer. Plaintiffs are filing contemporaneously with this brief a motion for leave to conduct said discovery.

**FACTUAL BACKGROUND**

Cognizant owns several companies which provide software solutions to healthcare providers, insurance companies, and other entities within the healthcare industry. *See Burge v. Cognizant Technology Solutions Corp.*, No. 2:25-cv-18908-MCA-AME (D.N.J. Dec. 22, 2025), ECF No. 1 at ¶ 1; *see also Patterson v. Cognizant Technology Solutions Corp.*, No. 26-cv-02570 (D.N.J. Mar. 12, 2026), ECF No. 1 at ¶¶ 18-19. TriZetto is one of Cognizant's wholly owned subsidiaries and it provides a variety of software solutions, including revenue cycle management programs. *Id.* Cognizant's principal place of business is located in Teaneck, New Jersey (*Burge*, at ¶ 10; *Patterson*, at ¶ 19), and both Cognizant and TriZetto regularly conduct business in the state of New Jersey (*Burge*, at ¶¶ 10-11).

On information and belief, Cognizant owns TriZetto, so they are a single entity operating under one corporate structure, and therefore share officers and directors. *See Lytle v. TriZetto Provider Solutions, LLC*, No. 2:25-cv-18938-MCA-AME (D.N.J. Dec. 23, 2025), ECF No. 1 at ¶ 50; *Patterson*, at ¶ 19. TriZetto is not an independent, separate company with its own distinct board of directors or executive team. *Lytle*, at ¶ 50. Cognizant acquired TriZetto in 2014, and TriZetto now operates as the "TriZetto business unit" within Cognizant's healthcare practice. *Id.* at ¶ 51. Also, on information and belief, individuals who were leaders at TriZetto before the acquisition are now executives within the relevant Cognizant business units. *Id.* at ¶ 52. For example, Jude Dieterman, formerly TriZetto's President and COO, became the Chief Executive for the TriZetto business unit within Cognizant's healthcare practice. *Id.* On information and

belief, Cognizant's overall strategic direction, including for the TriZetto segment, is managed by the unified Cognizant Board of Directors and executive leadership team. *Id.*, at ¶ 53. The current Cognizant leadership and board members oversee all of the company's operations, including the healthcare software and solutions provided by the TriZetto portfolio. *Id.*

When Cognizant announced its acquisition of TriZetto in 2014, Cognizant's CEO boasted that the acquisition would put Cognizant at the "forefront of creating new models for the healthcare needs of tomorrow." *Patterson*, at ¶ 18. "Together, we are uniquely positioned to deliver end-to-end solutions that allow healthcare organizations to improve operational efficiency, drive innovation and embrace next generation delivery models made possible by digital technologies." *Id.*

Cognizant exercised complete control over TriZetto's data security architecture, resources, policies, and decision making. Cognizant exercised authority over the maintenance, acquisition, and disposition of TriZetto's data centers, equipment, and personnel. *Patterson*, at ¶ 19. Cognizant's information technology and cybersecurity personnel were responsible for implementing and maintaining adequate data security over TriZetto's web portal and the systems accessible through the portal. *Id.* Cognizant was heavily involved in management deficiencies and oversight that facilitated and caused the Data Breach, failing to thwart the Data Breach, and failing to identify the red flags that indicated that the TriZetto web portal was compromised and that an outsider was escalating its permissions to gain access to a volume of records for which no single client of Defendants' would ever have legitimate business need. *Id.* In addition, Cognizant was responsible for Defendants' incident response, investigation, and notification activities. *Id.*

Several class action lawsuits were filed following Defendants' announcement of the Data Breach. The first-filed case, *Rasado v. TriZetto Provider Solutions, LLC*, No. 4:25-cv-01837-JMD

3

(E.D. Mo.), was filed on December 17, 2025, in the Eastern District of Missouri. That case was voluntarily dismissed on December 23, 2025. *Id.* at 6. The second and third-filed cases—*Longo v. TriZetto Provider Solutions, LLC*, No. 4:25-cv-01845-MAL (E.D. Mo.), and *Scorpio v. TriZetto Provider Solutions, LLC*, No. 4:25-cv-018690-SRW (E.D. Mo.)—were also subsequently dismissed. *Longo*, ECF No. 4; *Scorpio*, ECF No. 4. *Niessing v. TriZetto Provider Solutions*, No. 4:25-cv-01861-MAL (E.D. Mo.)—the fourth-filed case—was filed in the Eastern District of Missouri on December 19, 2025. Three days later, on December 22, 2025, *Burge* was filed in this District. Since then, sixteen additional cases were filed in this District and consolidated with *Burge*.

**ARGUMENT**

**A.      The District of New Jersey Is the Appropriate Venue for This Litigation**

On consideration of a Section 1404 motion to transfer, the moving party—here, Defendants—bears the burden of demonstrating that the proposed venue is more appropriate than the plaintiffs' selected venue when filing. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d. Cir. 1995). And, although various public and private interests and factors may be considered by the court, "in ruling on defendants' motion the plaintiff's choice of venue should not be lightly disturbed." *Id*. (citations omitted); *see also Sec. Police & Fire Pros. of Am. Ret. Fund v. Pfizer, Inc.*, No. 10-cv-3105-SDW-MCA, 2011 WL 13250484, at *4 (D.N.J. Apr. 5, 2011) (Arleo, J.), *aff'd*, 2011 WL 5080803 (D.N.J. Oct. 25, 2011) ("[A] plaintiff's choice of forum is generally given great weight in an analysis under Section 1404(a)."); *Yocham v. Novartis Pharmaceuticals Corp.*, 565 F. Supp. 2d 554, 557-558 (D.N.J. 2008) (denying defendant's motion to transfer under 1404(a), recognizing the heavy burden on the moving party to override plaintiff's choice of venue, and stating: "Indeed, in light of the 'paramount consideration' accorded to a plaintiff's choice of venue . . . courts in this district have recognized that '[u]nless the balance of inconvenience of the

4

parties is strongly in favor of Defendant, [Plaintiff's] choice of forum should prevail.") (citation omitted); *Caduceus, Inc. v. Univ. Physician Grp.*, No. 23-cv-3415 (MEF)(LDW), 2024 WL 3319405, at *2-3 (D.N.J. July 3, 2024) (denying motion to transfer and noting that plaintiff's choice of venue "should not lightly be pushed aside" especially when the "[p]laintiff's choice to sue in New Jersey was "hardly a random act").

The relevant factors demonstrate that the District of New Jersey is an appropriate, if not superior, forum for this action. New Jersey is the operational and evidentiary center of gravity of the allegations at issue in this action. Cognizant, TriZetto's parent company, is headquartered in New Jersey and made critical decisions relevant to the design of the online platform that was breached, the investigation into the Data Breach, and Defendants' response thereto. The District of New Jersey is therefore home to relevant witnesses, databases, documents, and other evidence. Additionally, the cases that were filed in the District of New Jersey have progressed further—having been consolidated and an initial case schedule set by the Court—than the cases in the Eastern District of Missouri. Finally, the District of New Jersey is a convenient and accessible forum for all parties and counsel. Thus, Defendants fail to show that this District is not the superior venue, and transfer should be denied.

### 1.      New Jersey Is the Operational and Evidentiary Center of Gravity

"As a general rule, the preferred forum is that which is the center of gravity of the accused activity." *Sec. Police & Fire*, 2011 WL 13250484, at *4 (*citing NCR Credit Corp. v. Ye Seekers Horizon, Inc.*, 17 F. Supp. 2d 317, 321 (D.N.J. 1998)). Defendants attempt to portray Cognizant as a "far removed apex parent" company of TriZetto (Defs. Mem. at 3, 7, 9), when, in fact, Cognizant is deeply involved in the decision making and cybersecurity operations that led to the Data Breach. Per the press release it issued concerning its 2014 acquisition of TriZetto, Cognizant, headquartered in Teaneck, New Jersey, touted that the acquisition would create a "fully-integrated

5

healthcare technology and operations provider," and that customers would be clients of both Cognizant and TriZetto.[2] In the acquisition, Cognizant announced that "TriZetto and its 3,700 employees will be a part of Cognizant's existing healthcare business[.]"[3] Accordingly, Cognizant's New Jersey headquarters serves as the corporate nerve center where decisions concerning TriZetto's business and cybersecurity practices are made.

Moreover, the TriZetto data sheet offered to potential clients states that businesses can "[a]chieve new levels of performance and efficiency with Digital Business, Digital Operations, and Digital Systems and Technology capabilities of Cognizant."[4] Cognizant's Year End 2025 Form 10-K filed with the SEC also states that TriZetto is now known as Cognizant Technology Software Group, Inc. and lists Teaneck, New Jersey as the location of the principal executive offices.[5] Under the "Governance" section, Cognizant states that "Management is responsible for identifying, considering, and assessing material cybersecurity risks on an ongoing basis, establishing processes deigned to ensure that such potential cybersecurity risk exposures are monitors, placing appropriate mitigation measures and maintaining cybersecurity programs."[6]

Indeed, even TriZetto's logo highlights its connection to Cognizant stating: "TriZetto Provider Solutions a Cognizant Company."[7]

---

[2] https://news.cognizant.com/2014-11-20-Cognizant-Completes-Acquisition-of-TriZetto-Creating-a-Fully-Integrated-Healthcare-Technology-and-Operations-Leader (last visited May 19, 2026).

[3] https://news.cognizant.com/2014-09-15-Cognizant-to-Acquire-TriZetto-Creating-a-Fully-Integrated-Healthcare-Technology-and-Operations-Leader (last visited May 19, 2026).

[4] https://www.cognizant.com/en_us/trizetto/documents/trizetto-elements-suite-data-sheet.pdf (at page 3) (last visited May 19, 2025).

[5] https://d18rn0p25nwr6d.cloudfront.net/CIK-0001058290/05182207-bce7-4449-ae64-ae06e7531736.pdf at 1-2.

[6] *Id* at 25.

[7] https://www.trizettoprovider.com/ (last visited May 19, 2026).



TriZetto's YouTube page also repeatedly touts the close relationship between the two companies.[8] For example, at minute 1:35 of their most recent video, a Cognizant analyst, Alice McMahan explains how TriZetto is offered through Cognizant as one of its services— "I'm going to introduce Cognizant RCM . . . if you guys are familiar with TriZetto, we are one in the same."[9] At minute 23:21, during the Q&A portion, a participant asks to clarify the difference between Cognizant and TriZetto's services, and McMahan firmly replies, "We are the same company[.]"[10]

Based on these representations, Cognizant is not simply some far removed and uninvolved corporate parent. Instead, Cognizant and its New Jersey headquarters are likely to be home to key witnesses, documents, and other evidence critical to this litigation. *See Jumara*, 55 F.3d at 879. Indeed, evidence and witnesses with knowledge concerning corporate security and IT leadership responsible for TriZetto's cybersecurity policies, personnel responsible for response to cyber incidents and breach investigations, records of TriZetto's policies and procedures and how they may have changed after the Data Breach are most likely located in this District. A defendant's headquarters has been found as the location of key evidence and has weighed in favor of maintaining that location as the forum venue. *See, e.g.*, *In re CityMD Data Priv. Litig.*, No. 24-cv-6972 (JXN) (CLW), 2025 WL 2505655, at *7-9 (D.N.J. Sept. 2, 2025) (collecting cases); *Caduceus*, 2024 WL 3319405, at *4 (rejecting defendant's argument that a majority of potentially

---

[8] https://www.youtube.com/watch?v=RDl6iA6eH14 (last visited May 19, 2026).
[9] *Id* at 1:35.
[10] *Id* at 23:21.

relevant witnesses were in Michigan and noting that such witnesses could "easily be accommodated" if necessary by remote or near to home depositions); *Yocham*, 565 F. Supp. 2d at 559; *Sec. Police & Fire*, 2011 WL 13250484, at \*4. Thus, the evidence weighs in favor of the District of New Jersey as the more appropriate venue.

This Court's decision denying the defendants' motion to transfer to the Central District of California under Section 1404(a) in *Maxlite, Inc. v. ATG Electronics, Inc.*, 193 F. Supp. 3d 371 (D.N.J. 2016), is instructive. Not only did this Court recognize the great weight given to the plaintiff's choice of forum in that case, but it denied the motion notwithstanding the fact that defendant ATG was a California corporation whose principal place of business was in California as well as ATG's claim that its principals were all located in California. *Id.* at 392-393. In denying the motion, the Court rejected the defendants' arguments concerning convenience of witnesses and location of documents noting that there was no indication that witnesses would be unable or unwilling to travel to New Jersey or that relevant documentary evidence could not be produced in New Jersey, particularly in the age of electronic discovery. *Id.* at 393-394.

### 2. The District of New Jersey Is Home to More Cases, Which Are Further Along than the Cases Pending in the Eastern District of Missouri

To Plaintiffs' knowledge, there are nine pending cases filed in the Eastern District of Missouri, compared to the 17 pending cases filed in the District of New Jersey to date.[11] The cases pending in New Jersey have already been consolidated under *In re Cognizant/TriZetto Data*

---

[11] At page 4 of their memorandum, Defendants note that TPS has filed motions to transfer the following cases to the Eastern District of Missouri from the Northern and Eastern Districts of California, respectively: *Hahn v. Open Door Community Health Centers, et. al.* ("*Hahn*") *and Taylor v. TriZetto Provider Solutions, LLC, et. al.* ("*Taylor*"). The unopposed motion to transfer the *Hahn* action was granted by the Northern District of California on May 15, 2026. As of May, 28, 2026, the motion to transfer the *Taylor* action, which the plaintiff opposed, remained pending. Notably, Cognizant is not named as a defendant in either of those two actions.

*Security Incident*, No. 25-cv-18908 (D.N.J.), and are pending before Judge Arleo. ECF No. 8. *See Jumara*, 55 F.3d at 879 (consideration should be given to plaintiffs' choice of forum).

Further, the cases in the District of New Jersey have progressed further than those in the Eastern District of Missouri. On May 18, 2026, the Court set an initial case schedule, including deadlines for the filing of leadership applications, the filing of a consolidated complaint, and a briefing schedule on Defendants' forthcoming motion(s) to dismiss. *See* Scheduling Order, ECF No. 58. In contrast, while the cases filed in the Eastern District of Missouri have been consolidated, the court denied the request to appoint interim lead counsel, and there is no current deadline for the filing of a consolidated complaint. *See In re TriZetto Provider Solutions Data Security Breach Litig.*, No. 4:25-cv-01861 (E.D. Mo.), ECF No. 25.

Courts may reject the application of the first-filed rule, and may deny a motion to transfer where, as here, a later-filed action has progressed further than the case in the potential transferee forum. *See, e.g.*, *One World Botanicals Ltd. v. Gulf Coast Nutritionals, Inc.*, 987 F. Supp. 317, 326, 328-329 (D.N.J. 1997) (noting the court's discretion to apply the first-filed rule and that justification for departure from the rule exists "when the second filed case has developed more rapidly than the first") (citations omitted). Thus, because the cases in the District of New Jersey have progressed further, the Court should deny Defendants' Motion to Transfer.[12]

### B.     The First-Filed Rule Does Not Require Transfer

The first-filed rule is not the automatic trump card that Defendants make it seem. The first filed rule "is not a mandate." *E.E.O.C. v. Univ. of Pennsylvania*, 850 F.2d 969, 972 (3rd Cir. 1988).

---

[12] Defendants argue at page 10 of their memorandum that the judicial caseload is lighter in the Eastern District of Missouri than the District of New Jersey. "But the 'relative congestion of the respective courts' dockets is not [always] a factor of great importance on a motion to transfer.'" *Caduceus*, 2024 WL 3319405, at *4.

"District courts have always had discretion to retain jurisdiction given appropriate circumstances justifying departure from the first-filed rule." *Id.*; *see also, e.g.*, *Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 210 (3rd Cir. 2016) ("Application of the [first-filed] rule is discretionary."); *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982) ("[T]his 'first to file' rule is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration."). "The letter and spirit of the first-filed rule, therefore, are grounded on equitable principles." *EEOC*, 850 F.2d at 977. As an equitable rule, the court is directed to "fashion[ ] a flexible response" when the first-filed rule is raised. *Chavez*, 836 F.3d at 216.

Contrary to Defendants' assertion, "[e]xceptions to the first-filed rule **are not rare** and are made when justice or expediency requires, including when the first-filed action is the result of forum shopping and if the balance of convenience favors the second forum." *FMC Corp. v. AMVAC Chemical Corp.*, 379 F. Supp. 2d 733, 745 (E.D. Pa. 2005) (quoting *Drugstore-Direct, Inc. v. Cartier Div. of Richemont N. Am., Inc.*, 350 F. Supp. 2d 620, 623 (E.D. Pa. 2004)). Ultimately, the first-filed rule may be rejected if the application would "encourage an unseemly race to the courthouse and, quite likely, numerous unnecessary suits." *EEOC*, 850 F.2d at 978 (quoting *Tempco Elec. Heater Corp. v. Omega Engineering*, 819 F.2d 746, 750 (7th Cir. 1987)).

Here, as set forth above, the District of New Jersey is the "center of gravity" of the claims. *See supra*. Cognizant is headquartered in New Jersey, and therefore the key documents and witnesses concerning the online platform, the Data Breach, and Defendants' investigation are located in New Jersey. Transferring these actions away from this District will inconvenience the parties and the Court.

Further, the circumstances concerning the filing of the purported "first-filed" case, *Niessing*, calls into question the prospect of forum shopping. *Niessing* is not the true "first-filed" case concerning the Data Breach. Instead, *Niessing* is the fourth filed case. However, just prior to the filing of the motion to consolidate the cases pending in the Eastern District of Missouri in the *Niessing* case, the earlier-filed actions were voluntarily dismissed. *See, e.g.*, *Longo v. TriZetto Provider Servs., LLC*, No. 25-cv-01845, ECF No. 4 (E.D. Mo.) (notice of voluntary dismissal filed March 10, 2026). Moreover, the dismissal and consolidation request in *Niessing* were filed **after** this Court had consolidated the actions pending in the District of New Jersey. *See Burge v. Cognizant Technology Solutions, Corp.*, No. 25-cv-18908, ECF No. 8 (D.N.J. Mar. 10, 2026) (consolidating the District of New Jersey actions).

Additionally, the Third Circuit has affirmed a district court's discretion to depart from the rule when a party seeks to transfer a case after "developments in the second-filed action have outpaced the initial suit." *CollegeSource, Inc. v. AcademyOne, Inc.*, 597 F. App'x 116, 122-123 (3d Cir. 2015); *see also E.E.O.C.*, 850 F.2d at 976 ("[C]ourts have rejected the rule when the second-filed action had developed further than the initial suit."); *accord Devorin v. Tata Consultancy Services, Ltd.*, No. 24-cv-06648 (BRM) (JRA), 2025 WL 1291660, at *5 (D.N.J. May 5, 2025). Here, Plaintiffs' actions were consolidated on March 10, 2026 (ECF No. 8), and *Niessing* and the Missouri Actions were not consolidated until March 25, 2026 (ECF No. 54-2, Ex. 2), after Plaintiffs moved to centralize before Judge Arleo, *In Re Cognizant/TriZetto Data Breach Litigation*, MDL No. 3185, ECF No. 1 (J.P.M.L Mar. 17, 2026). Defendants did not seek leave to bring this Motion until April 8, 2026 (ECF No. 14). In this light, Defendants' motion to transfer when this Court has already invested time and resources suggests forum-shopping, another exception to the first-filed rule. *See, e.g.*, *CollegeSource*, 597 F. App'x at 122-123 (denial of

11

transfer motion for later-filed case proper where case advanced procedurally in district based on understanding parties intended to keep case in district); *Honeywell Int'l Inc. v. Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am.*, 502 F. App'x 201, 205-206 (3d Cir. 2012) (evidence of forum-shopping supports departure from first-filed rule).

As such, the Court should deny Defendant's Motion.

## CONCLUSION

For the reasons described herein, Plaintiffs respectfully request that the Court deny the Motion to Transfer. In the alternative, Plaintiffs request leave to conduct discovery concerning the factual issues raised in Defendants' Motion.

Dated: June 1, 2026.

**CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.**

By:    */s/ Jason H. Alperstein*
        JASON H. ALPERSTEIN

James E. Cecchi
Jason H. Alperstein
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994-1700
Facsimile: (973) 994-1744
jcecchi@carellabyrne.com
jalperstein@carellabyrne.com

Bryan L. Clobes
Nickolas J. Hagman (*pro hac vice*)
**CAFFERTY CLOBES
MERIWETHER & SPRENGEL LLP**
135 S. LaSalle, Suite 3210
Chicago, IL 60603
bclobes@caffertyclobes.com
nhagman@caffertyclobes.com

Thomas E. Loeser (*pro hac vice*)
**COTCHETT PITRE & MCCARTHY LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101

12

Tel.: (206) 802-1272
tloeser@cpmlegal.com

Ashley M. Crooks
**HAUSFELD LLP**
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel.: (646) 357-1100
acrooks@hausfeld.com

*Attorneys for Plaintiffs and the Proposed
Class*

13