# NORTON ROSE FULBRIGHT

June 4, 2026

**Via ECF**

Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, New York 10019-6022
United States of America

The Honorable André M. Espinosa
United States Magistrate Judge
District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street Room 4015
Newark, NJ 07101

Direct line +1 212 318 3361
sean.topping@nortonrosefulbright.com

Tel +1 212 318 3000
Fax +1 212 318 3400

Re:     *In re: Cognizant/TriZetto Data Security Incident,* **No. 2:25-cv-18908-MCA-AME**
        **Letter Request to Strike Plaintiffs' Motion**

Dear Judge Espinosa:

Defendants TriZetto Provider Solutions, LLC ("**TPS**") and Cognizant Technology Solutions Corporation ("**Cognizant**") file this letter to respectfully request that Plaintiffs' Motion for Leave to Conduct Discovery with Respect to Defendants' Motion to Transfer Consolidated Actions to Eastern District of Missouri, ECF 64 (the "**Discovery Motion**"), be stricken for failure to comply with the applicable rules and procedures.

The Local Rules of this District unambiguously require that prior to the filing of any case management or discovery motion, counsel (1) "shall confer to resolve" the dispute, and (2) shall "present[]" the dispute "to the Judge" via letter or telephone conference. D.N.J. L.R. 16.1(f)(1), 37.1(a)(1). In addition, Judge Espinosa's Civil Case Management Order requires that, excepting Rule 12 motions or remand motions, "formal motions shall not be filed without prior leave from this Court," and further specifies that "[d]iscovery motions may be filed only upon leave of Court," to be sought "via a joint letter" only after "good faith efforts to resolve the dispute by conferring pursuant to" the Local Rules. CCMO §§ 4, 10.

Plaintiffs' Discovery Motion flouts these requirements in multiple respects. Before Plaintiffs filed their Discovery Motion, they had never raised with Defendants the possibility of jurisdictional discovery, let alone made a good faith attempt to confer as to such discovery. Neither did Plaintiffs ever file any letter request (let alone a joint letter) seeking leave to file a formal discovery motion. Plaintiffs' letter opposition to Defendants' request for leave to file motion to transfer did in passing ask for leave to take jurisdictional discovery, *see* ECF 14 at 4—and **the Court's subsequent order implicitly denied that request.** ECF 46 (not granting request). Ignoring that denial, Plaintiffs simply filed their Discovery Motion as if they had been granted leave to do so.

"It is beyond question that the District Court has the authority to strike filings that fail to comply with its local rules." *Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 614 (3d Cir. 2018). Courts in this District do so when circumstances warrant. *E.g.*, *Novelli v. Breslin*, No. CV 23-2513 (KMW-AMD), 2025 WL 2642509, at *10 (D.N.J. Sept. 15, 2025) (striking improper filing); *Treusch v. Ctr. Square Supermarket, LLC*, No. CIV. 11-4874 JBS/JS, 2013 WL 1405031, at *2 (D.N.J. Apr. 5,

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright LLP, Norton Rose Fulbright Canada LLP, and Norton Rose Fulbright US LLP are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com/legal-notices.

304427879.1

The Honorable Andre M. Espinosa
June 4, 2026
Page 2

NORTON ROSE FULBRIGHT

2013) (declining to consider improper filing); *In re Remeron Antitrust Litig.*, No. 02-2007(FSH), 2004 WL 5695030, at *1 (D.N.J. Aug. 16, 2004) (striking improper filing). Doing so is particularly appropriate here, where Plaintiffs have, after ignoring Defendants' attempts to confer on their Motion to Transfer, failed to confer with Defendants before filing their Discovery Motion.

**Conclusion**

For these reasons, TPS and Cognizant respectfully request that the Court strike Plaintiffs' Motion for Leave to Conduct Discovery with Respect to Defendants' Motion to Transfer Consolidated Actions to Eastern District of Missouri, ECF 64, for failure to comply with the local rules.

Respectfully submitted,

Dated: June 4, 2026                    NORTON ROSE FULBRIGHT US LLP

By: */s/ Sean Topping*
_____

Sean Topping, Bar No. 235462017
sean.topping@nortonrosefulbright.com

1301 Avenue of the Americas
New York, New York  10019-6022
Telephone:    (212) 318-3000
Facsimile:    (212) 318-3400

*Attorney for Defendants TriZetto Provider Solutions LLC and Cognizant Technology Solutions Corporation*

304427879.1