# Jeff M Edwards

1406 Duster Cv
Cedar Park, TX 78613
(512) 300-7555

June 4, 2026

District Clerk
United States District Court
District of New Jersey
Martin Luther King Jr. Federal Building
50 Walnut St, Room 4015
Newark, NJ 07101

RECEIVED

JUN 17 2026

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

To the District Clerk,

Re:    Case No. 2:26-cv-18908-MCA-AME

Please find enclosed "Plaintiff's Motion To Intervene" in the above named case.

Please contact with any questions.

Sincerely,

Jeff M. Edwards
Ph. 512-300-7555
Email: JeffEdwards777@gmail.com

IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GAYLE BURGE, ANA LA MAIRE, NATANYA POPE and NORBERTO CLAUDIO | Case No. 2:26-cv-18908-MCA-AME |
| Plaintiffs | MOTION TO INTERVENE AS CO-PLAINTIFF |
| vs. | |
| COGNIZANT TECH SOLUTIONS CORPORATION AND TRIZETTO PROVIDER SOLUTIONS, LLC | |
| Defendants | |

Proposed Intervenor Jeff M Edwards, hereby moves under Rule 24(a) of the Federal Rules of Civil Procedure, to intervene as of right and as an additional plaintiff in this action, or, in the alternative, for permissive intervention under Rule 24(b) of the Federal Rules of Civil Procedure. A copy of the putative complaint in intervention is submitted contemporaneously with this motion.

Intervenor Jeff M Edwards hereby claims an interest in this case, has a claim that shares, with the main action, a common question of law or fact and is so situated that disposing of this action may as a practical matter impair and impede the ability to protect Intervenor Jeff M Edwards' interest as neither Plaintiff or Defendant in this case adequately represents such interest.

## I.      PARTIES

1.   Plaintiff Gayle Burge is an individual and a resident and citizen of Arizona. Plaintiff is a victim of the Data Breach. Plaintiff Ana Lamaire is a resident and citizen of Rhode Island.

MOTION TO INTERVENE AS CO-PLAINTIFF - 1

Plaintiff Lamaire reasonably believes that her Private Information was compromised in the Data Breach. Plaintiff Natanya Pope is a resident and citizen of California. Plaintiff Pope reasonably believes that her Private Information was compromised in the Data Breach. Plaintiff Nolberto Claudio is a resident and citizen of California. Plaintiff Claudio reasonably believes that his Private Information was compromised in the Data Breach.

2. Defendant, TriZetto Provider Solutions LLC, is a limited liability company incorporate Delaware, with its principal place of business at 221 Bolivar St., Jefferson City, Missouri, 65101.

3. Defendant Cognizant Technology Solutions Corporation is a limited liability company incorporated in Delaware, with its principal place of business at 300 Frank W Burr Blvd, Suite 600, Teaneck, NJ 07666.

4. Intervenor Jeff M Edwards (Intervenor) is a citizen of the state of Texas and currently resides at 1406 Duster Cove, Cedar Park, TX 78613 and is also a victim of this Data Breach.

5. All of Intervenor's claims stated herein are asserted against the Defendants and any of its owners, predecessors, successors, subsidiaries. agents and/or assigns.

## II.    JURISDICTION

6. This action is brought pursuant to federal law under 28 USC § 1331 and 28 USC § 1332. As stated in Plaintiff's Original Complaint; "This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332, the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one Plaintiff (FL) and Defendant are citizens of different states. This Court has supplemental

MOTION TO INTERVENE AS CO-PLAINTIFF - 2

jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367." Defendant is headquartered and routinely conducts business in the State where this district is located, has sufficient minimum contacts in this State, and has intentionally availed itself of this jurisdiction by marketing and selling products and services, and by accepting and processing payments for those products and services within this State. Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events that gave rise to Plaintiff's claims occurred within this District, and Defendant does business in this Judicial District. In addition to Plaintiff and any other situated Class Member, Intervenor resides in a different state apart from Defendant.

### III.   FACTUAL ALLEGATIONS

7. Intervenor is a service recipient Defendant.

8. Cognizant Technology Solutions ("Cognizant") provides software and technology solutions to healthcare providers, insurance companies, and other entities within the healthcare industry of the Defendants.

9. Defendant TriZetto Provider Solutions. LLC ("TriZetto") is a healthcare technology company that provides management services to healthcare providers.

10. Defendant acquired, collected, and stored Plaintiff's, Class Members and Intervenor's PHI/PII financial information.

11. At all relevant times, Defendant knew or should have known, that Plaintiff , Class Members and Intervenor would use Defendant's services to store and/or share sensitive data, including highly confidential PHI/PII.

MOTION TO INTERVENE AS CO-PLAINTIFF - 3

12. No later than October 2, 2025, upon information and belief, unauthorized third-party cybercriminals gained access to Plaintiff's, Class Members and Intervenor's PHI/PII as hosted with Defendant, with the intent of engaging in the misuse of the PHI/PII, including marketing and selling Plaintiff's, Class Members' and Intervenor's PHI/PII.

13. The total number of individuals who have had their data exposed due to Defendant's failure to implement appropriate security safeguards is unknown at this time but is estimated to be in the tens/hundreds of thousands based on Defendant's clientele.

14. Personal health information ("PHI") is a category of information that refers to an individual's medical records and history, which is protected under the Health Insurance Portability and Accountability Act ("HIPAA"), which may include test results, procedure descriptions, diagnoses, personal or family medical histories and data points applied to a set of demographic information for a particular patient.

15. Personally identifiable information ("PII") generally incorporates information that can be used to distinguish or trace an individual's identity, and is generally defined to include certain identifiers that do not on their face name an individual, but that is considered to be particularly sensitive and/or valuable if in the wrong hands (for example, Social Security numbers, passport numbers, driver's license numbers, financial account numbers).

16. The vulnerable and potentially exposed data at issue of Plaintiff and the Class stored on Defendant's information network, includes, without limitation: name, address, date of birth, health insurance member number (which, for some individuals, may be a Medicare beneficiary

MOTION TO INTERVENE AS CO-PLAINTIFF - 4

identifier), provider name, health insurer name, primary insured information, and other demographic, health, and health insurance information.

17. Defendant disregarded the rights of Plaintiff, Class Members and Intervenor by intentionally, willfully, recklessly, or negligently failing to take and implement adequate and reasonable measures to ensure that Plaintiff's, Class Members and Intervenor' PHI/PII was safeguarded, failing to take available steps to prevent unauthorized disclosure of data, and failing to follow applicable, required and appropriate protocols, policies and procedures regarding the encryption of data, even for internal use.

18. As a result, the PHI/PII of Plaintiff, Class Members and Intervenor was compromised Through disclosure to an unknown and unauthorized third party—an undoubtedly nefarious third party that seeks to profit off of this disclosure by defrauding Plaintiff, Class Members and Intervenor in the future.

19. Plaintiff, Class Members and Intervenor have a continuing interest in ensuring that their Information is and remains safe, and they are thus entitled to injunctive and other equitable relief.

IV.     INDISPUTABLE FACTS OF THIS CASE

20. Not until after months it claims to have discovered the Data Breach did Defendant begin sending the Notice to persons whose PHI/PII Defendant confirmed was potentially compromised as a result of the Data Breach.

21. On February 6, 2026, Defendant sent a notice (Exhibit A) and admission of the Data

MOTION TO INTERVENE AS CO-PLAINTIFF - 5

Breach informing Intervenor that "On or around November 28, 2025, TPS (Defendant) learned that the affected data may have included your name, address, date of birth, health insurance member number, provider name, health insurance name, primary insurance information, and other demographic health and health insurance information".

22. The Notice included, inter alia, basic details of the Data Breach, Defendant's recommended next steps, and Defendant's claims that it had learned of the Data Breach on October 2, 2025 and completed a review thereafter.

23. Upon information and belief, the unauthorized third-party cybercriminals gained access to Plaintiff's, Class Members and Intervenor' PHI/PII with the intent of engaging in the misuse of the PHI/PII, including marketing and selling Plaintiff's, Class Members and Intervenor' PHI/PII.

24. Defendant had and continues to have obligations created by HIPAA, applicable federal and state law as set forth herein, reasonable industry standards, common law, and its own assurances and representations to keep Plaintiff's, Class Members and Intervenor' PHI/PII confidential and to protect such PHI/PII from unauthorized access.

25. Plaintiff, Class Members and Intervenor were required to provide their PHI/PII to Defendant as a result of their dealings, and in furtherance of this relationship, Defendant created, collected, and stored Plaintiff, Class Members and Intervenor with the reasonable expectation and mutual understanding that Defendant would comply with its obligations to keep such information confidential and secure from unauthorized access.

MOTION TO INTERVENE AS CO-PLAINTIFF - 6

26. Despite this, Plaintiff and the Class Members remain, even today, in the dark regarding what particular data was stolen, the particular malware used, and what steps are being taken, if any, to secure their PHI/PII going forward.

27. Plaintiff, Class Members and Intervenor are, thus, left to speculate as to where their PHI/PII ended up, who has used it, and for what potentially nefarious purposes, and are left to further speculate as to the full impact of the Data Breach and how exactly Defendant intends to enhance its information security systems and monitoring capabilities to prevent further breaches.

28. Unauthorized individuals can now easily access the PHI/PII and/or financial information of Plaintiff, Class Members and Intervenor.

**Defendant Collected/Stored Class Members' PHI/PII**

29. Defendant acquired, collected, and stored and assured reasonable security over Plaintiff's, Class Members and Intervenor's PHI/PII.

30. As a condition of its relationships with Plaintiff, Class Members and Intervenor, Defendant required that Plaintiff, Class Members and Intervenor entrust Defendant with highly sensitive and confidential PHI/PII.

31. Defendant, in turn, stored that information in the part of Defendant's system that was ultimately affected by the Data Breach.

32. By obtaining, collecting, and storing Plaintiff's , Class Members and Intervenor' PHI/PII, Defendant assumed legal and equitable duties and knew or should have known that they were

MOTION TO INTERVENE AS CO-PLAINTIFF - 7

thereafter responsible for protecting Plaintiff's , Class Members and Intervenor' PHI/PII from unauthorized disclosure.

33. Plaintiff, Class Members and Intervenor have taken reasonable steps to maintain the Confidentiality of their PHI/PII.

34. Plaintiff, Class Members and Intervenor relied on Defendant to keep their PHI/PII confidential and securely maintained, to use this information for business purposes only, and to make only authorized disclosures of this information.

35. Defendant could have prevented the Data Breach, which began no later than October 2, 2025, by adequately securing and encrypting and/or more securely encrypting its servers generally, as well as Plaintiff's, Class Members and Intervenor's PHI/PII.

36. Defendant's negligence in safeguarding Plaintiff's , Class Members and Intervenor's PHI/PII is exacerbated by repeated warnings and alerts directed to protecting and securing sensitive data, as evidenced by the trending data breach attacks in recent years.

37. Yet, despite the prevalence of public announcements of data breach and data security compromises, Defendant failed to take appropriate steps to protect Plaintiff's , Class Members and Intervenor's PHI/PII from being compromised.

**Defendant Had an Obligation to Protect the Stolen Information**

38. Defendant's failure to adequately secure Plaintiff's , Class Members and Intervenor's sensitive data breaches duties it owes Plaintiff , Class Members and Intervenor under statutory and common law. Under HIPAA, health insurance providers have an affirmative duty to keep

MOTION TO INTERVENE AS CO-PLAINTIFF - 8

patients' Protected Health Information private. As a covered entity, Defendant has a statutory duty under HIPAA and other federal and state statutes to safeguard Plaintiff's , Class Members and Intervenor's data. Moreover, Plaintiff , Class Members and Intervenor surrendered their highly sensitive personal data to Defendant under the implied condition that Defendant would keep it private and secure. Accordingly, Defendant also has an implied duty to safeguard their data, independent of any statute.

39. Because Defendant is covered by HIPAA (45 C.F.R. § 160.102), it is required to comply with the HIPAA Privacy Rule, 45 C.F.R. Part 160 and Part 164, Subparts A and E ("Standards for Privacy of Individually Identifiable Health Information"), and Security Rule ("Security Standards for the Protection of Electronic Protected Health Information"), 45 C.F.R. Part 160 and Part 164, Subparts A and C.

40. HIPAA's Privacy Rule or Standards for Privacy of Individually Identifiable Health Information establishes national standards for protecting health information.

41. HIPAA's Privacy Rule or Security Standards for the Protection of Electronic Protected Health Information establishes a national set of security standards for protecting health information that is kept or transferred in electronic form.

42. HIPAA requires Defendant to "comply with the applicable standards, implementation specifications, and requirements" of HIPAA "with respect to electronically protected health information." 45 C.F.R. § 164.302.

43. HIPAA requires Defendant to "review and modify the security measures implemented

MOTION TO INTERVENE AS CO-PLAINTIFF - 9

as needed to continue provision of reasonable and appropriate protection of electronically protected health information" under 45 C.F.R. § 164.306(e), and to "[i]mplement technical policies and procedures for electronic information systems that maintain electronically protected health information to allow access only to those persons or software programs that have been granted access rights." 45 C.F.R. § 164.312(a)(1).

44. Moreover, the HIPAA Breach Notification Rule, 45 C.F.R. §§ 164.400-414, requires Defendant to provide notice of the Data Breach to each affected individual "without unreasonable delay and in no case later than 60 days following the discovery of the breach."

45. Defendant is in default of this HIPAA requirement as Defendant did not provide notice the Data Breach to Intervenor until February 6, 2026.

46. Defendant was also prohibited by the Federal Trade Commission Act (the "FTC Act") (15 U.S.C. § 45) from engaging in "unfair or deceptive acts or practices in or 14 affecting commerce."

47. In addition to its obligations under federal and state laws, Defendant owed a duty to Plaintiff, Class Members and Intervenor to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting, and protecting the PHI/PII in Defendant's possession from being compromised, lost, stolen, accessed, and misused by unauthorized persons.

48. Defendant owed a duty to Plaintiff, Class Members and Intervenor to provide reasonable security, including consistency with industry standards and requirements, and to ensure that its computer systems, networks, and protocols adequately protected the PHI/PII of Plaintiff,

MOTION TO INTERVENE AS CO-PLAINTIFF - 10

Class Members and Intervenor.

49. Defendant owed a duty to Plaintiff, Class Members and Intervenor to design, maintain, and test its computer systems, servers, and networks to ensure that the PHI/PII was adequately secured and protected.

50. Defendant owed a duty to Plaintiff, Class Members and Intervenor to create and implement reasonable data security practices and procedures to protect the PHI/PII in its possession, including not sharing information with other entities who maintained sub-standard data security systems.

51. Defendant owed a duty to Plaintiff, Class Members and Intervenor to implement processes that would immediately detect a breach in its data security systems in a timely manner.

52. Defendant owed a duty to Plaintiff, Class Members and Intervenor to act upon data security warnings and alerts in a timely fashion.

53. Defendant owed a duty to Plaintiff, Class Members and Intervenor to disclose if its computer systems and data security practices were inadequate to safeguard individuals' PHI/PII and/or financial information from theft because such an inadequacy would be a material fact in the decision to entrust this PHI/PII and/or financial information to Defendant.

54. Defendant owed a duty of care to Plaintiff, Class Members and Intervenor because they Were foreseeable and probable victims of any inadequate data security practices.

55. Defendant owed a duty to Plaintiff, Class Members and Intervenor to encrypt and/or more reliably encrypt Plaintiff's, Class Members and Intervenor' PHI/PII and monitor user

MOTION TO INTERVENE AS CO-PLAINTIFF - 11

behavior and activity in order to identify possible threats.

**Value of the Relevant Sensitive Information**

56. Intervenor asserts and affirms Plaintiff's Original Complaint and specifically paragraphs #83 through #89

## CLAIMS FOR RELIEF

## COUNT ONE

### Negligence

57. Intervenor asserts and affirms Plaintiff's Original Complaint and specifically paragraphs #90 through #116.

## COUNT TWO

### Breach of Implied Contract

58. Intervenor asserts and affirms Plaintiff's Original Complaint and specifically paragraphs #117 through #127.

## COUNT THREE

### Breach of the Implied Covenant of Good Faith and Fair Dealing

59. Intervenor asserts and affirms Plaintiff's Original Complaint and specifically paragraphs #128 through #132.

## COUNT FOUR

### Unjust Enrichment

60. Intervenor asserts and affirms Plaintiff's Original Complaint and specifically paragraphs #133 through #142.

## V.   PRAYER FOR RELIEF

61. Intervenor asserts and affirms Plaintiff's Original Complaint regarding relief and specifically paragraphs #1 through #8.

## DEMAND FOR JURY TRIAL

62. Intervenor hereby demands a trial by jury as to all matters contained herein and so triable.

## REQUEST TO THE COURT

63. For all of the foregoing reasons, the Court should grant Proposed Intervenor's "Motion To Intervene".

64. Intervenor Jeff M Edwards therefore formally submits this "Motion To Intervene".

Respectfully Submitted,

_____          _____
Jeff M Edwards                                                          Date

MOTION TO INTERVENE AS CO-PLAINTIFF - 13

*Pro Se*

Jeff M Edwards
1406 Duster Cv
Cedar Park, Texas 78613
512-300-7555
JeffEdwards777@gmail.com

MOTION TO INTERVENE AS CO-PLAINTIFF - 14

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument shall be served upon the Defendant TriZetto Provider Solutions LLC and Cognizant Tech Solutions Corp. via electronic email, pursuant to the Federal Rules of Civil Procedure.



TriZETTO
**Provider Solutions®**
a cognizant company

Data Breach Notification Center
**Return to Kroll**
P.O. Box 3826
Suwanee, GA 30024

Para leer este avi[so]
https://t[...]

To read this notice in an[...]
https://t[...]



**EXHIBIT**

*A*



SCAN TO ENROLL

274 1 85298 *******************AUTO**5-DIGIT 78613
JEFF EDWARDS
1406 DUSTER CV
CEDAR PARK, TX 78613-5822

February 6, 2026

Dear Jeff Edwards:

TriZetto Provider Solutions ("TPS" or "we") believe that the privacy and security of your health information is important and are committed to protecting it. TPS provides billing-related services to healthcare providers, such as hospitals, health systems, and physician practices, including your healthcare provider. We are writing to notify you that a cybersecurity incident at TPS may have involved some of your protected health information. This notice explains the incident, the measures we have taken in response, and the steps individuals can take for further protection.

## What Happened?

On October 2, 2025, TPS became aware of suspicious activity within a web portal that some of TPS's healthcare provider customers use to access our systems. Upon discovering the incident, TPS quickly launched an investigation and took steps to mitigate the issue. TPS also engaged external cybersecurity experts and notified law enforcement.

TPS determined that, beginning in November 2024, an unauthorized actor began accessing some records related to insurance eligibility verification transactions that healthcare providers process to assess insurance coverage for treatment services they provide to patients. A thorough review of the affected data was conducted to identify what information was involved and the individuals to whom the data related. TPS notified affected providers beginning on December 9, 2025.

## What Information Was Involved?

On or around November 28, 2025, TPS learned that the affected data may have included your name, address, date of birth, health insurance member number (which, for some individuals, may be a Medicare beneficiary identifier), provider name, health insurer name, primary insured information, and other demographic, health, and health insurance information. The incident did not affect any payment card, bank account, or other financial information. At this time, we are not aware of any identity theft or fraud related to the use of any affected individual's information, including yours.

## What We Are Doing.

After becoming aware of the incident, TPS immediately took additional protective measures to safeguard its systems and worked with leading cybersecurity experts to conduct a comprehensive investigation of the incident. TPS notified law enforcement and implemented additional security protocols designed to enhance the security of its services.

We want you to feel confident that your data is secure. To help protect your identity, we are offering you Credit Monitoring, Fraud Consultation, and Identity Theft Restoration services at no charge. These services provide you with alerts for 12 months from the date of enrollment when changes occur to your credit file. Alerts will be sent to you the same day that the change or update takes place with the bureau. Finally, we are providing you with proactive fraud assistance to help with any questions that you might have or in the event that you become a victim of fraud. These services will be provided by Kroll, a company specializing in fraud assistance and remediation services.

To enroll in Kroll credit monitoring services at no charge, please log on to **enroll.krollmonitoring.com** and follow the instructions provided. When prompted please provide the following unique code to receive services: FMGX33387-P. For more information about Kroll and your Identity Monitoring Services, you can visit **info.krollmonitoring. com**.

ELN-25763-85298

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GAYLE BURGE, ANA LAMAIRE, NATANYA POPE and NORBERTO CLAUDIO | CASE NO. 2:26-CV-18908-MCA-AME |
| Plaintiffs | MOTION TO INTERVENE AS CO-PLAINTIFF |
| vs. | |
| COGNIZANT TECH SOLUTIONS CORPORATION and TRIZETTO PROVIDER SOLUTIONS, LLC | |
| Defendants | |

"ORDER GRANTING "INTERVENOR JEFF M EDWARDS' MOTION TO INTERVENE"

On this day came on and for consideration of "Intervenor, Jeff M Edwards' Motion

To Intervene".

It is HEREBY ORDERED that the Motion is GRANTED.

SIGNED THIS _____ day of _____, 2026.


_____
PRESIDING JUDGE


ORDER GRANTING "INTERVENOR JEFF M EDWARDS' MOTION TO INTERVENE" - 1

Jeff Edwards
1406 Duster CV
Cedar Park Tx 78613





PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**

9589 0710 5270 3352 6366 89

**Retail**

UNITED STATES
POSTAL SERVICE

07101

**RDC 99**

Court Filing

District Clerk
U.S.D.C.
Martin Luther Jr Fel Bldg.
50 Walnut St.
Room 4015
Newark, NJ 07101

RECEIVED

JUN 17 2026

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ